# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONNA SCHUTTE,

    Plaintiff,

v.                              Case No.    21-CV-204

CIOX HEALTH, LLC,
ABC INSURANCE CO.,
PROHEALTH CARE, INC., and
DEF INSURANCE CO.,

    Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Ciox Health, LLC ("Ciox") hereby removes this action from the Circuit Court for Waukesha County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1446 and 1332(d) (the Class Action Fairness Act or "CAFA"). The grounds for removal of this action are as follows:

    1.    On January 29, 2021, Donna Schutte ("Plaintiff") commenced this action by filing a Summons and Complaint (the "Complaint" or "Compl.") in the Circuit Court for Waukesha County, Wisconsin, Case No. 2021CV000172. In general, Plaintiff alleges that Ciox charged patients of health care providers throughout Wisconsin (including, but not limited to, ProHealth Care, Inc.) or their representatives fees for electronic copies of health care records that Plaintiff asserts are not permitted by law, such as fees based on the number of pages an electronic record would take up if printed and electronic archive fees. A true and

correct copy of the Summons and Complaint, together with Ciox's registered agent's record reflecting its service, is attached as **Exhibit 1**.

2. On February 8, 2021, Plaintiff served the Complaint on Ciox's registered agent, Corporation Service Company. (*See* Ex. 1 at 1.) This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(3) because 30 days have not elapsed since Ciox received the Complaint. (See Ex. 1 at 1.)

3. Plaintiff alleges that she brings this action on her own behalf and on behalf of the members of a proposed class consisting of thousands of individuals and entities. (Compl. ¶¶ 15-16)

4. Plaintiff alleges that Ciox is liable for actual damages and exemplary damages of up to $25,000 per violation of Wis. Stat. § 146.83, pursuant to Wis. Stat § 146.84(1)(b) and Wis. Stat. § 146.84(1)(bm). (*See* Compl. ¶ 26.)

5. Plaintiff alleges that Ciox is directly liable for charging purportedly unlawful fees for medical records. (*See, e.g.*, Compl. ¶¶ 2, 12, 25-27, 36, 41.)

6. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) and (b) because there is diversity of citizenship between Plaintiff and Ciox and the amount in controversy exceeds $5,000,000. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332(d) had the action been brought in federal court originally.

**AT LEAST ONE PLAINTIFF IS A CITIZEN OF A DIFFERENT STATE THAN AT LEAST ONE DEFENDANT.**

7. Plaintiff is a citizen of the State of Wisconsin. (*See* Compl. ¶ 1.)

2

8. Ciox is a limited liability company organized under the laws of Georgia with its principal place of business in Alpharetta, Georgia. Thus, under 28 U.S.C. § 1332(d)(10), it is considered to be a citizen solely of the State of Georgia.[1]

9. Ciox's sole member is Smart Holding Corp., a corporation organized under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia. Thus, even if 28 U.S.C. § 1332(d)(10) were inapplicable, Ciox would be a citizen of Delaware and Georgia.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

10. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs.

11. Plaintiff defined the proposed class as:

> Any, person or entity who:
> 1. Either:
>     a. Requested his or her own patient health care records, or gave informed consent to another to obtain his or her own health care records, from a health care provider in the State of Wisconsin; or
>     b. Had informed consent of the patient to request and obtain the patient's health care records from a health care provider in the State of Wisconsin; and
> 2. Was charged by CIOX Health, LLC, either directly or indirectly, "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees; and
> 3. Incurred and ultimately paid the "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees.
> (Compl. ¶ 15.)

---

[1] In what is likely an attempt to evade removal, the Complaint falsely alleges that Ciox's principal place of business is in Green Bay, Wisconsin. (Compl. ¶ 2.) It is not; Ciox is headquartered in Alpharetta, Georgia.

12. Plaintiff has alleged that each class member may be entitled to up to $25,000 in exemplary damages per violation. (*See* Compl. ¶ 26.)

13. It would only take 200 violations resulting in exemplary damages of $25,000 per violation to reach $5,000,000.

14. Ciox's preliminary estimates indicate that thousands of requests per year, from thousands of putative class members, meet this definition.

15. Plaintiff herself alleges that the class comprises "several thousand persons and entities." (Compl. ¶ 16.)

16. Thus, while Plaintiff did not limit the class by date, under any class period the amount in controversy would far exceed $5 million, exclusive of interest and costs.

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

17. The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply to this case because during the three-year period preceding the filing of this action, other class actions asserting similar factual allegations have been alleged against both defendants. Among other things, within the three-year period, putative class actions alleging improper charges for medical records have been filed against ProHealth Care, Inc., in Wisconsin; numerous putative class actions alleging improper charges for medical records in several states, including challenging the practice of charging for electronic copies based on the equivalent number of paper pages, have been filed against Ciox; and defendants in at least two class actions filed in Wisconsin within the last three years impleaded Ciox as liable to indemnify it in those class actions.

4

18. The "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), does not apply to this case because Ciox is a primary defendant and is not a citizen of Wisconsin.

⁂

19. Exhibit 1 contains true and correct copies of all process, pleadings, and orders served upon Ciox.

20. Promptly after the filing of this Notice of Removal, Ciox will notify Plaintiffs and the Clerk of the Circuit Court for Waukesha County that this case has been removed.

Dated this 17th day of February, 2021.

>
> GASS WEBER MULLINS LLC
>
> s/Daniel A. Manna
> Daniel A. Manna, WI SBN 1071827
> 241 N. Broadway, Suite 300
> Milwaukee, WI 53202
> T: 414-223-3300
> F: 414-224-3447
> manna@gwmlaw.com
>
> KIRKLAND & ELLIS LLP
> Jay P. Lefkowitz, P.C.
> 601 Lexington Avenue
> New York, New York 10022
> Telephone: (212) 446-4800
> Facsimile: (212) 446-4900
> lefkowitz@kirkland.com
>
> *Attorneys for Defendant Ciox Health, LLC*