

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kim Smith<br>CIOX Health, LLC<br>925 N Point Pkwy<br>Ste 350<br>Alpharetta, GA 30005-5214 |
| **Electronic copy provided to:** | Yenis Molina<br>Dart Jackson |

| | |
|---|---|
| **Entity:** | CIOX Health, LLC<br>Entity ID Number 2197397 |
| **Entity Served:** | Ciox Health, LLC |
| **Title of Action:** | Donna Schutte vs. Ciox Health, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Waukesha County Circuit Court, WI |
| **Case/Reference No:** | 2021CV000172 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 02/08/2021 |
| **Answer or Appearance Due:** | 45 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Allan M. Foeckler<br>262-796-3704 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT 1**

FILED
01-29-2021
Clerk of Circuit Court
Waukesha County
2021CV000172

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **WAUKESHA**

Donna Schutte vs. Ciox Health, LLC et al       **Electronic Filing Notice**

Case No. 2021CV000172

Class Code: Unclassified

> CIOX HEALTH, LLC
> 8040 EXCELSIOR DR, STE 400
> C/O CORPORATION SERVICE COMPANY, RA
> MADISON WI 53717

Case number 2021CV000172 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: a8dab4**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: February 1, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Case 2021-cv-00204-LA   Filed 02/17/21   Page 2 of 26   Document 1-3

**FILED**
**01-29-2021**
**Clerk of Circuit Court**
**Waukesha County**

STATE OF WISCONSIN  :  **CIRCUIT COURT**  :  WAUKESHA COUNTY
                               **CIVIL DIVISION**

DONNA SCHUTTE
S28W31048 Wild Berry Lane
Waukesha, WI 53188,

Individually, and on behalf of all other
similarly situated persons or entities,

        Plaintiff,

    v.

CIOX HEALTH, LLC,
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

ABC INSURANCE CO., the fictitious name
for an unknown insurance company,

PROHEALTH CARE, INC.,
c/o CT Corporation System,
301 S. Bedford St., Suite 1,
Madison, WI 53703,

DEF INSURANCE CO., the fictious name
For an unknown insurance company,

        Defendants.

Case No.

**SUMMONS**

Intentional Tort: 30106
Unclassified: 30703

---

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE:

    You are hereby notified that the plaintiff named above has filed a lawsuit or other legal

action against you. The Complaint, which is attached, states the nature and basis of the legal

action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Waukesha County Courthouse, 515 West Moreland Boulevard, Waukesha, WI 53188, and to CANNON & DUNPHY, S.C., plaintiffs' attorneys, whose address is 595 North Barker Road, P.O. Box 1750, Brookfield, WI 53008-1750. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Brookfield, Wisconsin this 29th day of January, 2021.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiff

By:  Electronically signed by Attorney Allan M. Foeckler
Allan M. Foeckler
State Bar No. 1031396
Brett A. Eckstein
State Bar No. 1036964
Edward E. Robinson
State Bar No. 01025122

**P.O. ADDRESS:**
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Telephone:    (262) 796-3704
Facsimile:    (262) 796-3714

FILED
01-29-2021
Clerk of Circuit Court
Waukesha County
2021CV000172

STATE OF WISCONSIN  :  **CIRCUIT COURT**  :  WAUKESHA COUNTY
                            **CIVIL DIVISION**

DONNA SCHUTTE
S28W31048 Wild Berry Lane
Waukesha, WI 53188,

Individually, and on behalf of all other
similarly situated persons or entities,

        Plaintiff,

   v.

CIOX HEALTH, LLC,
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

ABC INSURANCE CO., the fictitious name
for an unknown insurance company,

PROHEALTH CARE, INC.,
c/o CT Corporation System,
301 S. Bedford St., Suite 1,
Madison, WI 53703,

DEF INSURANCE CO., the fictious name
For an unknown insurance company,

        Defendants.

Case No.

**COMPLAINT**

Intentional Tort: 30106
Unclassified:  30703

---

NOW COME the above named plaintiff, by her attorneys, CANNON & DUNPHY,

S.C., and as and for their claims for relief, allege and show to the Court as follows:

**THE PARTIES**

1.    The plaintiff Donna Schutte is an adult citizen and resident of the State of

Wisconsin, residing at S28 W31048 Wild Berry Lane, Waukesha, WI 53188.

2.    The defendant CIOX Health LLC (hereafter "CIOX") is a foreign limited liability corporation with its principal place of business located at 1030 Ontario Road, Green Bay, WI 54311, and offices of its registered agent, Corporation Service Company, located at 8040 Excelsior Drive, Ste. 400, Madison, WI 53717.  CIOX is an agent of health care providers throughout the State of Wisconsin for responding to and billing for requests for patient health care records, including ProHealth Care, Inc.

3.    The defendant, ABC Insurance Co. (hereinafter "ABC"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability insurance; that on information and belief, at all times material hereto, ABC had in full force and effect a policy or policies of liability insurance issued to CIOX, insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, ABC reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, ABC is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC.

4.    The defendant ProHealth Care, Inc., is a domestic non-stock corporation with its principal place of business located at N17 24100 Riverwood Dr., Suite 130, Waukesha, WI 53188, and offices of its registered Agent, CT Corporation System, located at 301 S. Bedford St., Suite 1, Madison, WI 53703.  With over 1,000 doctors and other health care professionals, ProHealth Care, Inc. offers health care services, including hospital care, primary care, rehabilitation, specialty care, and emergency care among other services.

5.    The defendant, DEF Insurance Co. (hereinafter "DEF"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability insurance; that on information and belief, at all times material hereto, DEF had in full force and effect a policy or policies of liability insurance issued to ProHealth Care, Inc., insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, DEF reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, DEF is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC.

## GENERAL ALLEGATIONS

6.    On May 19, 2016, the plaintiff Mrs. Donna Schutte was a passenger in a vehicle on West Sunset Drive in Waukesha, Wisconsin. As this vehicle was stopped at a red light at the intersection with West St. Paul Avenue, it was rear ended by another vehicle, thereby causing injury to Mrs. Schutte.

7.    The plaintiff Mrs. Donna Schutte retained the law firm of Cannon & Dunphy, S.C., to seek compensation for injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. The plaintiff authorized Cannon & Dunphy to obtain her patient health care records. Under Wis. Stat. § 146.81(4), the term "patient health care record" is defined broadly as "mean[ing] *all records* related to the health of a patient prepared by or under the supervision of a health care provider...." (Emphasis added).

- 3 -

8.    On September 2, 2020, Cannon & Dunphy sent a request by the plaintiff for her patient health care records to ProHealth Care, Inc., which also included informed consent and authorization for ProHealth Care, Inc., to release her patient health care records to Cannon & Dunphy.   Attached as **Exhibit 1** is a copy of the request.   The request asked for an electronic copy of the plaintiff's patient health care records under the federal HITECH law, and stated:   "Pursuant to Health Information Technology for Economic and Clinical Health Act (HITECH Act), 42 U.S.C.A. §17935(e)(1), and its implement regulations, 45 CFR 164.524(c)(4)(i), I am requesting in an electronic format only a complete certified copy of my medical records from 12/7/2019 to the present."   The request further stated "**I am not requesting paper copies and will not pay for paper copies**." (Emphasis in original).  When an individual requests an electronic copy of patient health care records under HITECH, the healthcare provider is required to charge no more than its actual labor cost, supplies, and postage in producing the records. 42 U.S.C. §17935(e); 45 CFR § 164.524(c)(4)(i-iii). In the vast majority of cases, the total cost for requesting electronic medical records under HITECH should be no more than $6.50, pursuant to guidance published by the U.S. Department of Health and Human Services ("DHHS").

9.    The request from the plaintiff Mrs. Donna Schutte asked that the electronic copy of her patient health care records be sent to Cannon & Dunphy by either email, fax, or on a CD.   When an individual requests an electronic copy of patient health care records be provided to a person other than the patient, this is called a "third-party directive."  In 2016, DHHS issued a guidance document stating that requests including third-party directives are subject to the same published guidance by DHHS.  From 2016 to January 23, 2020, health

- 4 -

care providers like ProHealth Care, Inc. and their release of information agents like CIOX were complying with the DHHS guidance and charging the same cost-based fee of $6.50 when responding to requests that included a third-party directive.

10.     On January 23, 2020, a Federal District Court on the D.C. Circuit issued a Memorandum Opinion in <u>Azar v. CIOX</u>, No. 18-cv-0040, indicating that the 2016 DHHS guidance document entitling patients to the cost-based fee of $6.50 involving a third-party directive was unenforceable.

11.     Following the issuance of the <u>Azar</u> decision, on January 28, 2020, CIOX issued a "Important Notice Regarding Individuals Right of Access to Health Records." Attached as **Exhibit 2** is a copy of the Notice. This Notice summarized Ciox's position that the cost-based fee of $6.50 no longer applied to requests for electronic copies of patient health care records under HITECH that included a third-party directive. This Notice further stated Ciox's position that all requests under HITECH that included a third-party directive would be billed under applicable state laws. Ciox's Notice states: "**In situations where the patient directs the provider to send their record to a third party the fees permitted under state law apply to the request for records**." (Emphasis added).

12.     On September 23, 2020, ProHealth Care, Inc., through its release of information agent CIOX, responded to the plaintiff's request for an electronic copy of her patient health care records. CIOX agreed to produce an electronic copy of the plaintiff's patient health care records. However, CIOX included a copy of its January 28, 2020 Notice, indicating its intent to apply Wisconsin state law for this electronic copy. An invoice sent by CIOX showed "Per Page Copy (Paper)" charges for the first 25 pages at $1.17 per page, pages

26 to 50 at $0.88 per page, and the next 14 pages at $0.57 per page. Also included was an "Electronic Data Archive Fee" of $2.00. CIOX did not produce a paper copy of the plaintiff's patient health care records but instead produced an electronic copy through an online web portal. Because CIOX provided no paper copies of the records, no shipping costs were applied. Attached as **Exhibit 3** is a copy of CIOX's invoice.

13.    Fees permitted under Wisconsin state law for the release of patient health care records are set forth in Wis. Stat. § 146.83. Under subsection 3(f), a health care provider shall, subject to exceptions, provide copies of a patient's health care records "if a person requests copies of a patient's health care records, provides informed consent, *and pays the applicable fees under par. (b)*." Wis. Stat. § 146.83(3f)(a) (emphasis added). Subsection (3f)(b) defines the "applicable fees" as: "paper copies" fees under (b)1., microfiche fees under (b)2., x-ray fees under (b)3., certification fees under (b)4., retrieval fees under (b)5., and shipping and tax under (b)6. Further subsection (3f)(b) states that health care providers "may charge no more than the total" of these "applicable fees" when providing copies of patient health care records. There is no "applicable fee" for electronic copies or electronic data archive fees.

14.    Cannon & Dunphy paid the "Per Page Copy (Paper)" and "Electronic Data Archive Fee" and passed these costs to the plaintiff Mrs. Donna Schutte by deducting the costs from the settlement proceeds resulting from her personal injury claim.

## CLASS ALLEGATIONS

15.    The plaintiff Mrs. Donna Schutte bring this action against the defendants CIOX and/or ProHealth Care, Inc., on her own behalf and on behalf of the members of a proposed

- 6 -

Wisconsin class of individuals and entities that are similarly situated. The class that the plaintiff

represents is composed of a class substantially along the following lines:

> Any person or entity who:
>
> 1. Either:
>
>> a. Requested his or her own patient health care records, or gave informed consent to another to obtain his or her own health care records, from a health care provider in the State of Wisconsin; or
>>
>> b. Had informed consent of the patient to request and obtain the patient's health care records from a health care provider in the State of Wisconsin; and
>
> 2. Was charged by CIOX Health, LLC, either directly or indirectly, "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees; and
>
> 3. Incurred and ultimately paid the "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees.

16.    The proposed class is so numerous that joinder of all members is

impracticable, and as importantly the disposition of their claim as a class will benefit the

parties and the Court. While the precise number of such persons and entities is unknown,

the defendants are in possession of the information needed to identify these persons and

entities. The plaintiff is informed and believes, and on that basis allege, that the proposed

class numbers is comprised of several thousand persons and entities, who likely possess

multiple separate claims.

17.    The claims of the plaintiff are typical of those claims that could be alleged by

any members of the proposed class, and the relief is typical of the relief that would be sought

by each member of the class in separate actions. The alleged claims arise out of the same

business practices of the defendants, including receiving, responding to, and charging for requests for patient health care records. The plaintiff and other members of the proposed class sustained similar losses, injuries, and damages arising from the unlawful business practices of the defendant, including the unlawful imposition fees under Wis. Stat. § 146.83(3f).

18.    The plaintiff is able to fairly and adequately protect the interests of the proposed class and has no interests antagonistic to the proposed class. She has retained counsel that is experienced in class action litigation and litigation in this court. Neither the plaintiff nor her counsel have any interests that might impede them from vigorously pursuing this action, or any conflict with the proposed class.

19.    There are questions of fact and law common to the proposed class that predominate over individual questions. The claims of the plaintiff arise from the same events and from the same course of conduct by the defendants that gave rise to the claims of the proposed class.

20.    Common questions of fact include whether a person requesting electronic copies of patient health care records was unlawful charged "paper copies" fees for electronic copies, electronic data archive fees, and other unlawful fees contrary to Wis. Stat. § 146.83(3f)(b).

21.    Common questions of law include whether it is lawful to charge "paper copies" fees for electronic copies, electronic data archive fees, and other fees under Wis. Stat. § 146.83(3f) for electronic copies of patient health care records.

- 8 -

22.    A class action is superior to any other available methods for the fair and efficient adjudication of the controversy.  The proposed class is so numerous that joinder of all proposed class members is impossible.  Further, the value of an individual claim could be relatively small such that individual class members lack the financial incentive to vigorously prosecute individual claims.  Disposition of the claims in the aggregate as a class action will provide substantial benefits both to the parties and to the courts.

## COUNT I –STATUTORY CLAIM UNDER WIS. STAT. § 146.84 FOR VIOLATION OF WIS. STAT. § 146.83

23.    The plaintiff incorporates the above allegations to the extent not inconsistent with those made here.

24.    The plaintiff provided informed consent to another to request her patient health care records and provided informed consent and authorization for a health care provider to release her patient health care records.

25.    In response to said requests, the defendants intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposed fees not allowed by Wis. Stat. § 146.83, including "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and other fees.

26.    As a result of the defendants' knowing and willful violation of Wis. Stat. § 146.83, the defendants are liable for compensatory damages, including actual damages for illegal fees plus interest, exemplary damages of not more than $25,000, and costs and reasonable actual attorney fees, pursuant to Wis. Stat. § 146.84(1)(b), in addition to other actual damages, all in an amount to be determined in a trial of this matter..

27.     As a result of the defendants' negligent violation of Wis. Stat. § 146.83, the defendants are liable for actual damages for illegal fees plus interest, exemplary damages of not more than $1,000, and costs and reasonable actual attorney fees, pursuant to Wis. Stat. § 146.84(1)(bm), in addition to other actual damages, all in an amount to be determined in a trial of this matter.

## COUNT II – VICARIOUS LIABILITY

28.     The plaintiff incorporates the above allegations to the extent not inconsistent with those made here.

29.     At all material times, the defendant CIOX was the authorized agent of the defendant, ProHealth Care, Inc.

30.     The defendant CIOX, as alleged herein, tortiously, illegally, and inequitably overcharged the plaintiff, including for "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and/or other fees not allowed.

31.     The defendant, ProHealth Care, Inc., is vicariously liable for the acts of its authorized agent, CIOX, as alleged herein, all in an amount to be determined in a trial of this matter.

## COUNT III – JOINT VENTURE

32.     The plaintiff incorporates the above allegations to the extent not inconsistent with those made here.

33.     At all material times, the defendant ProHealth Care, Inc., and the defendant CIOX entered into a financial or commercial agreement, either express or implied, to

- 10 -

contribute money or services and did contribute money or services in a business venture, including for the release of patient health care records.

34.     Upon information and belief, the defendant ProHealth Care, Inc., and the defendant CIOX shared in the profits from said venture or otherwise received benefits from said venture.

35.     Upon information and belief, the defendant ProHealth Care, Inc., and the defendant CIOX had mutual control of the means employed to carry out their common purpose and/or control of the subject matter of the venture and/or delegated control to one member to achieving the common objective.

36.     By virtue of said joint venture, the defendant ProHealth Care, Inc., and the defendant CIOX are jointly liable to the plaintiff for all damages caused by overcharging the plaintiff, including "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and/or other fees not allowed, all in an amount to be determined in a trial of this matter.

## COUNT IV – THIRD PARTY BENEFICIARY BREACH OF CONTRACT

37.     The plaintiff incorporate the above allegations to the extent not inconsistent with those made here.

38.     At all material times, the defendant ProHealth Care, Inc., and the defendant CIOX entered into an agreement, either express or implied, for the release of patient health care records for the benefit of the plaintiff. The defendant ProHealth Care, Inc., delegated its responsibilities for furnishing patient health care records, including of the plaintiff, to the defendant CIOX. Absent the agreement, ProHealth Care, Inc., would have had the obligation

- 11 -

to fulfill the patient health care record requests of the patients of ProHealth Care, Inc., including the plaintiff. The plaintiff is a member of a class of individuals that the agreement was intended to benefit.

39.     On information and belief, the aforementioned agreement expressly or impliedly obligated the defendant CIOX to follow Wisconsin law when fulfilling requests for the release of patient health care records, including charging lawful fees.

40.     The defendant CIOX breached the aforementioned agreement by intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposing fees not allowed by Wis. Stat. § 146.83, including "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and/or other fees not allowed.

41.     That defendant CIOX's breach of contract was a cause of damages sustained by the plaintiff, including overcharging the plaintiff for fees not allowed, all in an amount to be determined in a trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

A.  For actual damages in an amount to be proven at the time of trial;

B.  For reasonable attorney fees, as may be allowed by the Court;

C.  For reasonable actual attorney fees, as may be allowed by the Court;

D.  For exemplary damages in an amount to be proven at the time of trial;

E.  For all interest due and owing, including pre-judgment interest, and as otherwise provided by law;

F.  For such other and further relief as the Court may deem necessary, proper and just under all of the circumstances.

- 12 -

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMAND A TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated at Brookfield, Wisconsin this 29th day of January, 2021.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiff

By:   <u>Electronically signed by Attorney Allan M. Foeckler</u>
Allan M. Foeckler
State Bar No. 1031396
Brett A. Eckstein
State Bar No. 1036964
Edward E. Robinson
State Bar No. 01025122

**P.O. ADDRESS:**
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Telephone:   (262) 796-3704
Facsimile:   (262) 796-3714

Cannon & Dunphy, S.C., 595 North Barker Road, Brookfield, Wisconsin 53045

# 1

September 2, 2020

ATTN: Medical Records Department
ProHealth Care
Release of Information
N17W24100 Riverwood Drive, Ste. 200
Waukesha, WI 53188

Re:  Donna Schutte
     Date/Birth:    09/10/1960
     Waukesha County Case No:    2019CV000841

Dear Medical Records Department:

Pursuant to the Health Information Technology for Economic and Clinical Health Act (HITECH Act), 42 U.S.C.A. §17935(e)(1), and its implementing regulations, 45 CFR 164.524(c)(4)(i), I am requesting, *in an electronic format only*, a complete certified copy of my medical records from 12/07/2019 to the present.

As the department of Health and Human Services has stated, the term "record" means any item, collection, or grouping of information that includes PHI and is maintained, collected, used or disseminated by or for a covered entity.

Please provide the records to the office of my attorneys, along with the invoice for providing these records. I would prefer the records be provided in a downloadable format to the following e-mail address: ksearing@c-dlaw.com . If downloadable records are not available, electronic copies may be sent to my attorneys by fax, email or on a CD to the following address:

Cannon & Dunphy, S.C., ATTN:  Kendra Searing
595 N. Barker Road, P.O. Box 1750, Brookfield, WI 53008-1750
Fax (262)796-3740

This request is made pursuant to the HITECH Act, which that if medical records are "requested by an individual, a covered entity *must* transmit the copy of protected health information directly to another person designated by the individual." Federal Register, January 25, 2013 Vol. 78 No. 17, Page 5634. If this request does not meet your facility's requirements for requests made pursuant to HITECH, please notify the above-named firm before processing. If record production costs of the requested information will exceed $100, preapproval from the above-named firm is required. Neither the patient or the above firm will be responsible for costs incurred outside of the HITECH specifications and/or above the preapproval limit if the provider fails to notify the above firm.

I am not requesting paper copies and will not pay for paper copies. The HITECH Act and its regulations do not allow you to bill for paper copies when an electronic copy has been requested. The only permissible charge for the electronic medical records is "the cost of supplies for and labor" involved in providing the records as well as the postage. See 45 CFR 164.524(c)(4)(i).

Thank you for your prompt attention to this request.

Donna Schutte
S28W31048 Wild Berry Lane
Waukesha, WI  53188

# AUTHORIZATION FOR USE AND DISCLOSURE OF HEALTH INFORMATION

| PATIENT: ClientInfo | DATE OF BIRTH: 09/10/1960 |
|---|---|
| AUTHORIZES: ProHealth Care Release of Information N17W24100 Riverwood Drive, Ste. 200 Waukesha, WI 53188 | DISCLOSURE OF PROTECTED HEALTH INFORMATION TO: Cannon & Dunphy, S.C. 595 North Barker Road P.O. Box 1750 Brookfield, WI 53008-1750 |

## INFORMATION TO BE USED AND/OR DISCLOSED:

- \_ All hospital records (including nursing records and progress reports)
- \_ Medical records needed for continuity of care
- \_ Transcribed medical records
- \_ Most recent five year history
- \_ Laboratory reports
- \_ Pathology reports
- \_ Diagnostic imaging reports and films

- \_ Clinician office chart notes
- \_ Dental records
- \_ Physical Therapy records
- \_ Emergency and urgent care records
- \_ Billing statements
- \_ Oral discussions between my physicians and my attorneys
- \_ Other: _____
- ☒ All of the above (all information)

In compliance with WI Statutes, which require special permission to release otherwise privileged information please release records pertaining to:

- \_ Mental Health
- \_ Developmental Disabilities
- \_ Alcohol &/or Drug Abuse

- \_ HIV test results
- \_ Other: _____
- ☒ All of the above privileged information

For the Following Date(s): From <u>12/07/2019</u> To <u>Present</u>

Purpose or need for disclosure:

- \_ Further Medical Care
- \_ Coordinating Care for Dependent/Spouse
- \_ Insurance Eligibility/Benefits
- \_ Claims Resolution
- ☒ Other (Specify): Legal

Schutte v. Acuity; Waukesha County Circuit Court Case No: 2019CV000841

## YOUR RIGHTS WITH RESPECT TO THIS AUTHORIZATION:

**Right to Receive Copy of This Authorization** - I understand that if I sign this authorization, I will be provided with a copy of this authorization.

**Right to Refuse to Sign This Authorization** - I understand that I am under no obligation to sign this form and that ProHealth Care may not condition treatment, payment, enrollment in a health plan or eligibility for health care benefits on my decision to sign this authorization except regarding: a) research-related treatment, b) health plan enrollment or eligibility, c) the provision of health care that is solely for the purpose of creating PHI for disclosure to a third party.

**Right to Withdraw This Authorization** - I understand that I have the right to withdraw this authorization at any time by providing a written statement of withdrawal to ProHealth Care. I am aware that my withdrawal will not be effective until received by ProHealth Care and will not be effective regarding the uses and/or disclosures of my health information that ProHealth Care has made prior to receipt of my withdrawal statement. I understand if the authorization was obtained as a condition of obtaining insurance coverage, other law provides the insurer with the right to contest a claim under the policy or the policy itself.

**Right to Inspect or Copy the Health Information to Be Used or Disclosed** - I understand that I have the right to inspect or copy (may be provided at a reasonable fee) the health information I have authorized to be used or disclosed by this authorization form. I may arrange to inspect my health information or obtain copies of my health information by contacting ProHealth Care.

**HIV TEST RESULTS:** I understand my HIV test results may be released without authorization to persons/organizations that have access under State law and a list of those persons/organizations is available upon request.

**REDISCLOSURE NOTICE:** I understand that if a recipient of the health information is not governed by federal and state confidentiality laws, the health information disclosed as a result of this authorization may be re-disclosed by the recipient and no longer protected by such laws.

**EXPIRATION DATE:** This authorization will expire five (5) years from the date of my signature. By signing this authorization, I am confirming that it accurately reflects my wishes. Cannon & Dunphy, S.C. is authorized to use my signature until the conclusion of litigation.

A copy of this authorization will be considered as valid as the original.

This authorization is prepared in conjunction and compliance with the HIPAA-COW Authorization/Informed Consent for Use and Disclosure of Health Care Information Grid that enumerates requirements of State and Federal privacy laws.

Date:     September 2, 2020

[ x ] Self [  ] Parent [  ] Guardian [  ] Other

Print Name Here:     Donna Schutte

**Cannon & Dunphy, S.C., 595 North Barker Road, Brookfield, Wisconsin 53045**

# 2

## January 28, 2020
### Important Notice Regarding Individuals' Right of Access to Health Records

On January 25, 2013, HHS published a final rule entitled "Modifications to the HIPAA Privacy, Security, and Enforcement Rules Under the Health Information Technology for Economic and Clinical Health Act, and the Genetic Information Nondiscrimination Act; Other Modifications to the HIPAA Rules." (2013 Omnibus Rule). A portion of that rule was challenged in federal court, specifically provisions within 45 C.F.R. §164.524, that cover an individual's access to protected health information. On January 23, 2020, a federal court vacated the "third-party directive" within the individual right of access "insofar as it expands the HITECH Act's third-party directive beyond requests for a copy of an electronic health record with respect to [protected health information] of an individual . . . in an electronic format." Additionally, the fee limitation set forth at 45 C.F.R. § 164.524(c)(4) will apply only to an individual's request for access to their own records, and does not apply to an individual's request to transmit records to a third party.

The right of individuals to access their own records and the fee limitations that apply when exercising this right are undisturbed and remain in effect. OCR will continue to enforce the right of access provisions in 45 C.F.R. § 164.524 that are not restricted by the court order. A copy of the court order in *Ciox Health, LLC v. Azar, et al.*, No. 18-cv-0040 (D.D.C. January 23, 2020), may be found at https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2018cv0040-51.

FAQs –

**1) Why am I being billed rates that are not consistent with HIPAA/HITECH?**
The United States District Court for the District of Columbia, as cited above, determined that the patient pricing in HIPAA/HITECH does not apply when the patient directs their record to be sent to a third party such as a law firm or insurance company. In situations where the patient directs the provider to send their record to a third party the fees permitted under state law apply to the request for records.

**2) Is the lawsuit final?**
The court order states it is final and appealable. To date, there has been no mention of an appeal by HHS and in fact the statement above was issued by HHS in a nationwide email campaign on January 28, 2020. If HHS were to appeal they would first need to obtain the approval of the Solicitor General. We are not aware at this time that HHS intends to appeal.

**Cannon & Dunphy, S.C., 595 North Barker Road, Brookfield, Wisconsin 53045**

# 3

**Ciox Health**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
1-800-367-1500

# CIOX
HEALTH

# INVOICE

| Invoice #: | **0317649585** |
|---|---|
| Date: | **09/23/2020** |
| Customer #: | **2112737** |

| Ship to: |
|---|
| KENDRA SEARING<br>CANNON AND DUNPHY SC<br>595 N BARKER RD.<br>PO BOX 1750<br>BROOKFIELD,WI 53008-1750 |

| Bill to: |
|---|
| KENDRA SEARING<br>CANNON AND DUNPHY SC<br>595 N BARKER RD.<br>PO BOX 1750<br>BROOKFIELD,WI 53008-1750 |

| Records from: |
|---|
| PROHEALTH CARE INC<br>N17W24100 RIVERWOOD DR<br>STE 130<br>WAUKESHA,WI 53188-1177 |

**Requested By:** CANNON AND DUNPHY SC    **DOB :** 09/10/1960

**Patient Name:** SCHUTTE DONNA

Per your request, please let this serve as your fee approval notice for medical records requested from the facility listed above. If you would like to approve this amount please contact a Ciox Health representative at 800-367-1500. If you would like to pay electronically, please go to https://paycioxhealth.com/pay/.

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 0.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 3 | 25 | 1.17 | 29.25 |
| Per Page Copy (Paper) 1 | 14 | 0.57 | 7.98 |
| Per Page Copy (Paper) 2 | 25 | 0.88 | 22.00 |
| Electronic Data Archive Fee | | | 2.00 |
| Subtotal | | | 61.23 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 61.23 |
| Balance Due | | | 61.23 |

**Please remit this amount : $61.23(USD)**

------------------------------✂------------------------------

**Ciox Health**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
1-800-367-1500

Get future medical records as soon as they are processed, by signing up for secure electronic delivery.
Register at: https://edelivery.cioxhealth.com

| Invoice #: | **0317649585** |
|---|---|
| Check # | _____ |
| Payment Amount $ | _____ |

# Please return stub with payment.

Please include invoice number on check.

To pay invoice online, please go to https://paycioxhealth.com/pay/ or call 800-367-1500.

Email questions to collections@cioxhealth.com.

THIS DOCUMENT WAS LEGALLY SERVED ON

FEB 0 8 2021

_____/_____/_____ AT 3 : 40 AM / PM

BY: Shawn Conrad

**CREAMCITY**
——— P R O C E S S ———
CREAMCITYPROCESS.COM
Failure to make this endorsement does not invalidate service per Wisconsin §801.10(2)