FILED
09-08-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV000903

```
STATE OF WISCONSIN        CIRCUIT COURT        DANE COUNTY
                          BRANCH 10
_____

BEATRIZ BANUELOS,

        Plaintiff,
                                              CASE NO. 20-CV-903
    vs.

UNIVERSITY OF WISCONSIN HOSPITALS AND CLINICS AUTHORITY,

        Defendant.

_____


PROCEEDINGS:     Oral ruling

       DATE:     Tuesday, September 1, 2020

     BEFORE:     The Honorable JUAN B COLÁS
                 Circuit Court Judge

APPEARANCES:     Attorney JESSE BRIAN BLOCHER appeared via video
                 conferencing on behalf of the plaintiff,
                 Beatriz Banuelos.

                 Attorney COREY G. LORENZ appeared via video
                 conferencing on behalf of the plaintiff,
                 Beatriz Banuelos.

                 Attorney PETER MCFADYEN YOUNG appeared
                 telephonically on behalf of the plaintiff,
                 Beatriz Banuelos.

                 Attorney DANIEL A. MANNA appeared via video
                 conferencing on behalf of the defendant, UW
                 Hospitals and Clinics Authority.

                 Attorney JOSEPH MYER SANDERSON appeared
                 telephonically on behalf of the defendant,
                 UW Hospitals and Clinics Authority.



                        HANNAH TYLER, RPR
                      Official Court Reporter
```

|    |                                                          |
|----|----------------------------------------------------------|
| 1  | P R O C E E D I N G S                                    |
| 2  | THE COURT:  This is 20CV903, Beatriz                     |
| 3  | Banuelos versus UW Hospitals and Clinics Authority.      |
| 4  | And I'm conducting this hearing by Zoom conference       |
| 5  | from an open courtroom and the courthouse is open.       |
| 6  | I'm also live streaming this on the court's YouTube      |
| 7  | channel.  Our court reporter and our clerk are both      |
| 8  | remote.  The bailiff is present here in the courtroom    |
| 9  | with me.                                                 |
| 10 | And for the plaintiffs we have Attorneys Jesse           |
| 11 | Blocher and Corey Lorenz appearing by video.  For the    |
| 12 | defendants we have Daniel Manna by video.  And then I    |
| 13 | believe we have also for the defendants, Joseph          |
| 14 | Sanderson by telephone.  Is that correct?                |
| 15 | MR. SANDERSON:  That's correct, Your                     |
| 16 | Honor.                                                   |
| 17 | THE COURT:  And then for the plaintiffs,                 |
| 18 | do we also have Peter Mcfadyen Young by telephone?       |
| 19 | MR. YOUNG:  That's correct, Your Honor.                  |
| 20 | THE COURT:  Okay.  So I think we're all                  |
| 21 | here.  This is scheduled for an oral ruling on the       |
| 22 | defense motion to dismiss, which I construe as a         |
| 23 | motion to dismiss for failure to state a claim,          |
| 24 | although the subsection or subparagraph was not          |
| 25 | specified in the motion.  And for purposes of that       |

```
 1              motion, that kind of motion, the facts alleged in the
 2              petition are taken to be true and any reasonable
 3              inferences -- factual inferences from them are also
 4              assumed to be true.  However, the questions of law or
 5              legal inferences, legal interpretation of applicable
 6              law, are not presumed in favor of the plaintiff.  And
 7              so I'm assuming that the following facts that are
 8              alleged in the petition are true for purposes of this
 9              motion.  That on February 27th the plaintiff requested
10              copies of her medical records from the defendant in a
11              electronic format.  The request asked that the records
12              be transmitted to her attorneys.  The defendant
13              through an associate entity, Ciox, C-I-O-X, complied,
14              transmitted the records electronically to the
15              attorneys.
16                   The invoice requested payment of $109.96 for
17              the copies calculated by applying the page rate for
18              paper copies that's set by 146.83.  And the complaint
19              in this case alleges that this exceeds the permissible
20              charges for electronic records under 146.83(3f)(b) and
21              seeks both injunctive relief and return of any funds
22              paid by Ms. Banuelos.  The latter point being
23              clarified in the plaintiff's response brief.
24                   I've concluded that the charges alleged in the
25              petition do not violate the maximums under
```

```
 1              146.83(3f)(b).  The statute 146.83(3f)(a) provides,
 2         subject to certain exceptions which don't apply here,
 3         that if a person requests copies of a patient's health
 4         care records, and provides informed consent, and pays
 5         the applicable fees under paragraph B, the health care
 6         provider shall provide the requested copies.
 7              The real issue here then is that language pays
 8         the applicable fees under paragraph B.  Paragraph B
 9         sets limits on what a health care provider can charge
10         for copies.  Says except as provided in sub (1f),
11         which I don't think applies in this case, a health
12         care provider may charge no more than the total of all
13         of the following that apply for providing the copies
14         requested under paragraph A.  And then it specifies
15         records in three forms:  Paper copies, Microfiche or
16         microfilm, print of an X-ray.  It makes no mention of
17         electronic records, or what charge is permitted for
18         electronic records, what the cap is on providing
19         copies of the electronic records.  It's simply silent
20         on that question on its face.
21              The conclusion I draw from that is that the
22         legislature has failed to cover the situation where
23         records are requested in electronic form and provided
24         in electronic form.  And therefore, the charge that
25         was made or demanded is not a violation.  I did look
```

1    at the legislative history of the statute and the
2    legislatures efforts to regulate the costs that are
3    charged for health care records, and it was not
4    particularly helpful.  The efforts began I think with
5    the legislature about 20 years ago first imposing a
6    limitation of reasonable fees or costs I think was the
7    language.  Then the legislature moved to language
8    requiring the Department of Health Services to issue
9    an administrative rule setting out the fees that
10   were -- that could be charged.
11           Then in 2007 the legislature moved to create a
12   predecessor statute to this one, different number.  It
13   was 146.83(3m)(a), which also required the department
14   to issue a rule and then set out the factors that the
15   department was to consider in issuing the rule,
16   including operating expenses, the varying cost
17   depending on the media which the records are
18   maintained, impact of advances in technology, the
19   actual cost the provider had, etc.
20           The legislature abandoned that approach in the
21   very next legislative session and decided they were
22   going to specify the maximum charges.  And in 2009 Act
23   28 Section 2433f, they created 146.83(1h) of the
24   statutes to address this.  And for the first time
25   specified a per page charge for paper copies,

```
 1              microfiche or microfilm, print of an X-ray.  And in
 2              the bill that went to the governor included for copies
 3              in digital or electronic format, a single charge of $5
 4              for all copies requested.  And the governor vetoed
 5              that language.  In his veto message, the governor
 6              suggested that -- and this was the budget bill.  And
 7              in the line item veto its message details -- found in
 8              the legislative archives online.  The message details
 9              for 2009 Act 28 paragraph 11, patient health care
10              records and fee sections.  The governor explained that
11              he was vetoing the $5 fee limit on electronic record
12              copies with the intent that providers may charge a
13              reasonable fee rate for providing copies in an
14              electronic or digital format that is no more than the
15              paper copy rate.  The fee limitation is a deterrent to
16              providers adopting electronic health records and then
17              directing the evaluation of alternatives for
18              appropriate fees.  And so then that -- what was left
19              of this law then was a statute that simply said for
20              electronic records, a charge and did not specify what
21              a maximum charge would be.
22                   Then in 2011 the legislature simply repealed
23              the reference to electronic records entirely and left
24              us without a specification of a fee.  And my
25              conclusion from that is that they're currently -- that
```

```
 1              the limits in (3f) do not apply to records in
 2              electronic forms.  The legislature has simply left
 3              that unaddressed.  And it was frustrating to me to
 4              work through this only to reach the conclusion.  But I
 5              think that where the legislature has failed to act or
 6              their action does not cover a particular situation, I
 7              don't think as a court I can then construct a solution
 8              to cover that situation.  So for that reason, my
 9              conclusion is that the plaintiff cannot prevail in
10              this lawsuit because the statute does not prohibit the
11              charge that was assessed, and so I'm going to grant
12              the motion to dismiss.
13                   The defendants can prepare a dismissal order.
14              You don't need to recite my reasoning.  You can simply
15              state based upon the reasons stated on the record the
16              court grants the motion to dismiss.  Okay?  I think
17              that's all we can do today then.  Thank you all.
18
19
20
21
22
23
24
25
```

```
STATE OF WISCONSIN    )
                      ) SS
COUNTY OF DANE        )
```

       I, Hannah H. Tyler, hereby certify that I am the Official Court Reporter for the Circuit Court, Branch 10, DANE County, Wisconsin, that I have carefully compared the foregoing 8 pages with my stenographic notes, and that the same is a true and correct transcript.

       Dated at Madison, Wisconsin, this 8th day of September, 2020.

ELECTRONICALLY SIGNED BY

HANNAH TYLER,

Circuit Court Reporter, Branch 10

Dane County, Wisconsin
