FILED
02-23-2021
John Barrett
Clerk of Circuit Court
2020CV005760

```
  STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY
                              BRANCH 31
------------------------------------------------------------------
JACIE E. MEYER,

            Plaintiff,

     vs.                                   Case No. 2020 CV 005760

AURORA HEALTH CARE,

            Defendant.

------------------------------------------------------------------
                            MOTION HEARING
------------------------------------------------------------------

HONORABLE HANNAH C. DUGAN                       February 8, 2021
Circuit Court Judge Presiding                      (9:05 a.m.)



APPEARANCES

JESSE BLOCHER, Assistant District Attorney, and Corey Lorenz on
behalf of the Plaintiff.

DANIEL E. CONLEY, Attorney at Law, Alex Shortridge, Attorney at
Law, and Associate General Counsel Jane Appleby from Advocate
Aurora on behalf of the Defendant.




Digitally recorded by:
Joan M. Butz
Official Court Reporter
```

```
 1                P R O C E E D I N G S
 2              (Proceedings commenced at 9:05 a.m.)
 3           THE COURT:  State of Wisconsin, Milwaukee County
 4   Circuit Court, Branch 31.  The Honorable Hannah C. Dugan
 5   presiding.  We are holding court today electronically because
 6   of the public health crisis pursuant to the Supreme Court Chief
 7   Judge and County Executive orders.  We are on YouTube for
 8   public access and we are on Zoom for the parties to speak to
 9   each other and the Court.
10      Jacie Meyer vs. Aurora Health Care 2020-CV-5760.
11   Appearances, please.
12           MR. BLOCHER:  Thank you, Your Honor.  Jesse Blocher
13   and Corey Lorenz on behalf of the plaintiff.
14           THE COURT:  Okay.  Good morning, Mr. Blocher and
15   Ms. Lorenz.
16           MR. CONLEY:  Your Honor, on behalf of the defendant,
17   Dan Conley and Alex Shortridge and also appearing is Associate
18   General Counsel Jane Appleby from Advocate Aurora.
19           THE COURT:  Okay.  Good morning, Mr. Conley, Ms.
20   Shortridge, and Ms. Appleby.  We also have the court clerk with
21   us today.
22      Today we're here for a decision on a motion to dismiss
23   that was argued -- just get the right date here -- that was
24   properly briefed and argued on -- sorry -- on January 20th.
25   Before the decision, does anybody have anything else they want
```

```
 1  to add or state?
 2          MR. BLOCHER:  On behalf of the plaintiff, unless the
 3  Court has any questions, I don't.
 4          THE COURT:  Okay.
 5          MR. CONLEY:  No, Your Honor.
 6          THE COURT:  Okay, good.  All right.  Thank you.  So,
 7  this is the -- a case involving a request for declaratory
 8  judgment that the fees that were charged by Aurora Health Care
 9  for electronic records were in excess and should not be -- have
10  been charged and should be, in fact, refunded because they've
11  been paid.  I'm sorry -- yes, that's right.
12      The motion to dismiss was properly brought -- timely
13  brought prior to an answer.  The standard for their motion to
14  dismiss is that the claim in the -- the complaint does not
15  state an actionable cause.
16      The briefing involved the request of grant dismissal
17  because the legislative -- the legislation -- the state
18  legislation did not provide at all electronic -- currently does
19  not provide for electronic record payment, but it does have a
20  history where it did and then it didn't.  The Dane County Court
21  has issued a decision that was cited by both parties in
22  *Banuelos*, B-A-N-U-E-L-O-S, which is currently in the Court of
23  Appeals.  And it's really only mentioned here today to draw
24  distinction between the fact that federal law related to this
25  issue was not addressed in that case.  So there is a
```

3

```
 1  distinction between the two cases, even though it was granted
 2  under the arguments under state law.
 3       At issue is the records law, section 146.84(1)(c), that
 4  under 146.83(3f)(b)(1) that that statute isn't applicable to
 5  electronic copies for records, and these are, specifically,
 6  health records and that the -- therefore, Aurora's fees were in
 7  excess.
 8       The motion to dismiss says that the statute has changed;
 9  it has -- is silent on the issue of electronic records charges.
10  In 2009, there was a substantial amount of legislation, both
11  statewide and federal, dealing with electronic records and
12  providing for some costs in the state statute.
13       In 2011, the electronic records reference with respect to
14  charges, not with respect to record production with respect to
15  charges was repealed and, therefore, it is silent.
16       In 2009, HITECH, an acronym for federal records, H-I-T-E-
17  C-H, all caps, Act was passed with respect to the charging of
18  fees, unreasonable fees under federal law.  There was a -- caps
19  of $6.50 for a request by certain -- by individuals.  There
20  were three categories of being able to -- of who requested and
21  how much the fees would be under each person's request.  This
22  is relevant to this case, because while the fees at the federal
23  level were provided, were allowed and were capped, a January
24  2020 case, cited in the briefs, *Azar*, A-Z-A-R, gave a case law
25  interpretation to HITECH allowing for the fees to be actually
```

```
 1  charged under federal law in the preemption argument that has
 2  been presented, therefore is affected by that HITECH law which
 3  was not part of the decision in Banuelos.  This was brought in
 4  June 2020 so that that -- as our case does apply.
 5       The argument largely here is that what is being asked of
 6  the Court is to interpret the statute and to read into the
 7  state statute provisions that do not exist in the state
 8  statute.  In analyzing statutes, the Court -- as is included in
 9  the briefs and the oral arguments -- has to -- looks at the
10  standard that is in Kalal, K-A-L-A-L, vs. Circuit Court Dane
11  County.  It begins with -- the interpretation under Kalal is
12  that the Court must begin with the language of the statute,
13  give the statute the ordinary and common and accepted meaning,
14  and the context in which it is used, and to look at it as a
15  whole, so to avoid unreasonable or unexpected or absurd
16  results, as it says in Kalal.
17       And also -- it also -- by doing that, such interpretation
18  also staves off the potentiality of the Court legislating,
19  which the Court is not to do and is not being asked to do here,
20  but that is what the basis of that type of analysis precludes
21  the Court entering into the legislative realm.
22       And in this case, the language of the statute is clear.
23  It provides that there are statutory caps for fees for several
24  categories of copies of materials -- of health records I should
25  say: paper copies, and microfiche, and prints of x-rays.  The
```

```
1   electronic copies are not included in the language of that
2   statute 146.83(3f)(b).  And therefore, the request of fees be
3   -- there is no fee provision in that statute for electronic
4   copies and therefore the electronic copy fee charges are
5   outside that statute's scope.
6        The statute does provide that a healthcare provider may
7   charge no more than the total of all the following that apply,
8   and that is what I've already stated: paper copies, microfiche
9   and print x-rays, and has remained silent on the question of
10  electronic copies.
11       There is reference to electronic copies as I said earlier,
12  about being required to provide them, and there is a
13  recognition that electronic copies do require human effort and
14  have responsibilities with respect to HIPAA and so forth, that
15  under the federal legislation, retrieval, including time of the
16  health care provider, risks, machinery, and all the rest of it
17  do -- all the rest of the costs that are incurred in terms of
18  getting electronic records to requesters of those electronic
19  records.  A legitimate cost that do deserve payment and the
20  HITECH rule does require that records do be provided, that the
21  plaintiff's argument here is basically to say that if the state
22  law is silent on the issue that charges shouldn't be made at
23  all.
24       Being silent on the issue means that the Court is being
25  asked to -- because it's silent on the issue - that I step in
```

1  and make that determination on what is a reasonable charge, or
2  what is a cap, or what is the appropriate cap, is asking the
3  Court to do the legislators' work, which the Court will not do.
4  If the legislature fails to act, that is not what the Court
5  steps into, and the remedy here is really on the silence of the
6  issue of payment and charges for electronic records; that
7  belongs to the legislature to remedy.
8       The plaintiff also raises the issue -- I'm sorry, the
9  defense also raises the issue of waiver in this, if the
10 plaintiff has paid for the bill, and therefore, waiver should -
11 - they should be precluded from filing this lawsuit because
12 they've waived.
13      The Court is not going to apply -- will not apply the
14 document of waiver in this instance, but it doesn't have to
15 flesh that out at this time; that is an issue for another day
16 given that the Court is granting the motion from the defense
17 that the relief it seeks, which is to recover -- or retain the
18 fees for the health records, is granted.
19      The Court also will find that the -- amending the
20 complaint will unlikely cure the current deficiencies in the
21 complaint with respect to payment of these fees and the caps
22 and so forth, the legal arguments presented.  And so the Court
23 will decline the plaintiff's request to file an amended
24 complaint on this issue of fee caps.  I think I've covered
25 everything that I wanted to cover.

7

1     I didn't state at top that the legal standard on a motion
2  to dismiss is pursuant to 802.06(2)(a)(6)and so I'll cite that
3  as the legal standard to follow.
4     The proper burdens have been met by each party and that
5  the patients' rights to those copies of their medical records
6  is intact, but also the rights of the health care providers to
7  charge them -- charge the patients for those records is also --
8  remains available under the law.
9     Does anybody have any other questions or --
10        MR. BLOCHER:  Not from the plaintiff, Your Honor.
11        THE COURT:  -- clarification, Mr. Conley?
12        MR. CONLEY:  No, Your Honor.  We could prepare a
13  proposed order under the five-day rule.
14        THE COURT:  That's fine.  That would be great.  Then
15  no objection, right, Mr. Blocher?
16        MR. BLOCHER:  No, I mean, perhaps Mr. Conley could
17  simply send it to me first.  And then we could just submit it
18  and he can submit it and say that he has my approval.
19        MR. CONLEY:  We will, Your Honor.
20        THE COURT:  Okay.  All right, I appreciate
21  everybody's briefing.  It was very clear in your arguments; I
22  appreciate the efforts on behalf of your clients.
23     This is an interesting issue of legislative intent and so
24  forth, but when you have this type of flip-flop in terms of
25  repealing and so forth, and the Court's interpretation under --

```
 1   as are under the federal standard, it makes for an interesting
 2   briefing schedule and I appreciate everybody's effort in doing
 3   a good job for both of your clients -- for each of your
 4   clients, excuse me.  All right.
 5        Anything else for today?
 6             MR. BLOCHER:  Not for the plaintiff, Your Honor.
 7   Thank you.
 8             MR. CONLEY:  No, Your Honor.  Thank you.
 9             THE COURT:  All right.  Everybody stay safe.
10                (Proceedings concluded at 9:26 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                  C E R T I F I C A T I O N
 2        I, JOAN M. BUTZ, do hereby certify that I have been duly
 3   sworn as Official Court Reporter, for the Milwaukee County
 4   Circuit Court, Branch 31, in the State of Wisconsin.
 5        I further certify that I have carefully transcribed from
 6   and compared the foregoing pages with the original digital
 7   audio recording from said proceeding and that this transcript
 8   is true and correct to the best of my ability.
 9        Dated at Milwaukee, Wisconsin this 22 February 2021.
10                             (Electronically signed)
11                             Joan M. Butz
12                             Official Court Reporter
13                             Milwaukee County Circuit Court
14                             Branch 31
15
16
17
18
19
20
21
22
23
24
25
```