# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DONNA SCHUTTE,

      Plaintiff,

v.                                          Case No.      21-CV-204

CIOX HEALTH, LLC,
ABC INSURANCE CO.,
PROHEALTH CARE, INC., and
DEF INSURANCE CO.,

      Defendants.

---

## DEFENDANT CIOX HEALTH, LLC'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

---

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................1

BACKGROUND ................................................................................. 4

ARGUMENT ...................................................................................... 5

I.    The Amount in Controversy Exceeds $5 Million. .............................. 6

      A.   Plaintiff's Demand for Actual Damages Alone Puts More That $5
           Million In Controversy. ........................................................7

      B.   Because Plaintiff Is Seeking Up To $25,000 In Exemplary Damages
           Per Violation Under Wis. Stat. § 146.84(1)(b) For A Class of
           Thousands, Far More Than $5 Million Is In Controversy. ...............10

II.   The Local Controversy Exception Does Not Apply...........................14

      A.   Courts Have Construed Factual Similarity Broadly...........................14

      B.   Plaintiff's Attempts to Gerrymander This Case Out of Federal Court
           Fail. ...................................................................................15

           1.   Because This Case Alleges That Ciox and ProHealth Charged
                Fees For Electronic Copies of Medical Records Not Expressly
                Authorized By Wis. Stat. § 146.83(3f), Its Factual Allegations
                Are Similar To The Retrieval/Certification Fee Cases. ..........16

           2.   In Any Event, This Case Involves Similar Factual Allegations to
                Claims Under Other States' Equivalent Laws Alleging that Ciox
                Charged Per-Page Fees or Archiving or Delivery Fees For
                Electronic Copies of Medical Records.....................................20

      CONCLUSION .......................................................................... 25

Case 2:21-cv-00204-LA   Filed 04/09/21   Page 2 of 31   Document 23

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Bankers Life Assurance Co. of Florida v. Evans*,
  319 F.3d 907 (7th Cir. 2003) ..................................................................................... 13

*Anderson v. Hackett*,
  646 F. Supp. 2d 1041 (S.D. Ill. 2009) ..................................................................... 23

*Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*,
  637 F.3d 827 (7th Cir. 2011) ..................................................................................... 13

*Baker-LaRush v. Medical Services Inc.*,
  No. 2019-cv-00152 (Wis. Cir. Ct., Sawyer County) ............................................. 17

*Banuelos v. University of Wisconsin Hospital and Clinics Authority*,
  No. 2020-cv-000903, Oral Ruling, Doc. # 34
  (Wis. Cir. Ct., Dane County, Sept. 1, 2020) ........................................................... 23

*Blomberg v. Serv. Corp. Int'l*,
  639 F.3d 761 (7th Cir. 2011) ................................................................................... 6, 7

*Brill v. Countrywide Home Loans, Inc.*,
  427 F.3d 446 (7th Cir. 2005) ................................................................................... 5, 10

*Brook v. UnitedHealth Grp. Inc.*, No. 1:06-cv-12954-GBD,
  2007 WL 2827808 (S.D.N.Y. Sept. 27, 2007) ..................................................... 19, 18

*Brown v. Saint-Gobain Perf. Plastics Corp.*, No. 16-cv-242-JL,
  2016 WL 6996136 (D.N.H. Nov. 30, 2016) ........................................................... 15

*Browne v. Ciox Health LLC*,
  No. 4:19-cv-00667-RWS-KPJ (E.D. Tex.) ......................................................... 21-22

*Carter v. CIOX Health, LLC*,
  260 F. Supp. 3d 277 (W.D.N.Y. 2017) ................................................................... 22

*Cross v. Ciox Health, LLC*,
  438 F. Supp. 3d 572 (E.D.N.C. 2020), *appeal dismissed*,
  No. 20-1262, 2020 WL 5203205 (4th Cir. Aug. 31, 2020) ................................... 22

Case 2:21-cv-00204-LA    Filed 04/09/21    Page 3 of 31    Document 23

*Cross v. Ciox Health, LLC,*
No. 4:19-cv-00007-FL (E.D.N.C.) .......................................................................21

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
514 U.S. 81 (2014) ................................................................................*passim*

*Deming v. Ciox Health, LLC,*
475 F. Supp. 3d 1160 (D. Mont. 2020),
*appeal pending,* No. 20-35744 (9th Cir.) ...................................................20-21, 23

*Dutcher v. Matheson,*
840 F.3d 1183 (10th Cir. 2016) ............................................................. 15, 17, 19

*Fotusky v. ProHealth Care, Inc.,*
No. 2018-cv-001832 (Wis. Cir. Ct., Milwaukee County) ......................................17

*Giannini v. Nw. Mut. Life Ins. Co.,* No. 4:12-cv-00077-CW,
2012 WL 1535196 (N.D. Cal. Apr. 30, 2012) ....................................................18

*Hamilton v. Raleigh Gen. Hosp., LLC,* No. 16-cv-10035,
2017 WL 833050 (S.D. W. Va. Mar. 2, 2017) ...................................................22

*Hart v. FedEx Ground Package Sys. Inc.,*
457 F.3d 675 (7th Cir. 2006) ..............................................................................3, 14

*Haynes v. EMC Mortgage Corp.,* No. 3:10-cv-00372-WHA,
2010 WL 1445650 (N.D. Cal. Apr. 12, 2010) ...................................................24

*Hills v. Essentia Health,*
No. 3:19-cv-00907-WMC (W.D. Wis.) .............................................................8, 17

*Jadeja v. Redflex Traffic Sys., Inc.,* No. 3:10-cv-04287-WHA,
2010 WL 4916413 (N.D. Cal. Nov. 22, 2010) ...................................................18

*Lagas v. Verisma Systems, Inc.,*
No. 4:13-cv-01082-SWH (W.D. Mo.) ........................................................... 20, 22

*LM Insurance Corp. v. Spaulding Enterprises Inc.,*
533 F.3d 542 (7th Cir. 2008) ..............................................................................2, 12

*McCracken v. Verisma Sys., Inc.,* No. 6:14-cv-06248-MAT,
2017 WL 2080279 (W.D.N.Y. May 15, 2017) ...................................................20

*McMillian v. Sheraton Chicago Hotel & Towers,*
567 F.3d 839 (7th Cir. 2009) ..............................................................................11

*Meridian Sec. Ins. Co. v. Sadowski,*
  441 F.3d 536 (7th Cir. 2006)............................................................................7

*Meyer v. Aurora Health Care*, No. 2020-cv-005760,
  Oral Ruling, Doc. # 18 (Wis. Cir. Ct., Milwaukee County, Feb. 8, 2021).........................23

*Moya v. Healthport Technologies LLC,*
  No. 2013-cv-2642 (Wis. Cir. Ct., Milwaukee County) ......................................2, 13

*OnePoint Solutions, LLC v. Borchert,*
  486 F.3d 342 (8th Cir. 2007).............................................................10, 11-12

*Oshana v. Coca-Cola Co.,*
  472 F.3d 506 (7th Cir. 2006)..........................................................................14

*Rasberry v. Capitol County Mutual Fire Insurance Co.,*
  609 F. Supp. 2d 594 (E.D. Tex. 2009)..........................................................23-24

*Rios v. Partners in Primary Care, P.A.*, No. 5:18-cv-00538-ESC,
  2019 WL 6840785 (W.D. Tex. Dec. 16, 2019)..................................................21, 22

*Rising-Moore v. Red Roof Inns, Inc.,*
  435 F.3d 813 (7th Cir. 2006)..........................................................................2, 6

*Sabrina Roppo v. Travelers Com. Ins. Co.,*
  869 F.3d 568 (7th Cir. 2017).............................................................2, 6, 7, 9, 11

*Salis v. Am. Exp. Lines,*
  331 F. App'x 811 (2d Cir. 2009).....................................................................8

*Scavio v. Smart Corp.*, No. 3:97-cv-7209,
  2001 WL 631326 (N.D. Ohio April 26, 2001) ..............................................22

*Serrano v. Bay Bread LLC*, No. 3:14-cv-01087-TEH,
  2014 WL 4463843 (N.D. Cal. Sept. 10, 2014)..............................................24

*Spivey v. Vertrue, Inc.,*
  528 F.3d 982 (7th Cir. 2008)...........................................................................10

*Torres v. CleanNet, U.S.A., Inc.*, No. 2:14-cv-02818-AB,
  2014 WL 5591037 (E.D. Pa. Nov. 4, 2014)...............................................18-19

*Vodenichar v. Halcon Energy Props., Inc.,*
  733 F.3d 497 (3d Cir. 2013) .......................................................................19, 22

Case 2:21-cv-00204-LA   Filed 04/09/21   Page 5 of 31   Document 23

*Wilson v. MRO Corp.*, No. 16-cv-5279,
    2017 WL 1534202 (S.D. W. Va. Apr. 27, 2017) .................................................................22

*Zhang v. United Healthcare Ins. Co.*, No. 2:11-cv-00072-JPS,
    2011 WL 1533008 (E.D. Wis. Apr. 22, 2011) .........................................................10-11, 12

**Statutes**

28 U.S.C. § 1332(d) ......................................................................................................*passim*

28 U.S.C. § 1446(c) .................................................................................................................6

Mo. Rev. Stat. § 191.227 ......................................................................................................22

Ohio Rev. Code Ann. § 1345.03 ..........................................................................................22

W. Va. Code § 16-29-1 ..........................................................................................................22

Wis. Stat. § 146.83 .......................................................................................................*passim*

Wis. Stat. § 146.84 .......................................................................................................*passim*

**Other Authorities**

151 Cong. Rec. H723–01 (daily ed. Feb. 17, 2005) ...........................................................22

S. Rep. 109-14 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3 ...............................................19

# INTRODUCTION

This putative class action seeking actual and punitive damages that, on the face of the Complaint, plainly exceed $5 million is one in a long series of actions seeking damages for alleged overcharges for copies of medical records under Wisconsin law. This is not the first such case in Wisconsin, or elsewhere. The Class Action Fairness Act (CAFA) was designed for just these kinds of copycat cases: the amount in controversy is well over $5 million, Schutte and defendants are minimally diverse, and none of the statutory exceptions apply. Schutte's motion for remand should be denied.

Schutte essentially concedes that CAFA's requirements are met but for two points. First, Schutte argues that the amount in controversy here does not exceed $5 million, as required by 28 U.S.C. § 1332(d)(2). She makes this argument even though the Complaint on its face seeks the refund of Ciox's entire fee for every request for an electronic copy of medical records in Wisconsin it has ever processed, and even though the Complaint asks for punitive damages of up to $25,000 as authorized by Wis. Stat. § 146.84(1)(b). Plaintiff's motion does not disclaim any intent to ask for that $25,000 on a per-violation basis, as other plaintiffs in cases under the same statute have argued; she simply asserts that Ciox has not adequately shown that she will get what she is asking for. Second, Schutte argues that even if the amount in controversy exceeds that sum, the "local controversy exception" to federal court jurisdiction has been satisfied. Both arguments are without merit.

Schutte's amount in controversy argument can be disposed of swiftly. The attached Declaration of Stephen Mallinak, Ciox's Senior Vice President of Operations, demonstrates that Ciox processed as many as 727,500 requests made by Wisconsin residents facially within

the class definition within the last six years alone, even though the class definition is not in fact limited by year. Thus, Plaintiffs would need to recover only $6.88 in actual damages per claim—that is, one-tenth of the actual damages alleged by the putatively representative class member—to hit the amount in controversy. *See* Mallinak Decl. ¶ 3. To be sure, Ciox denies any liability, may assert a variety of defenses, and has already moved to dismiss the Complaint for failing to state a claim—but none of that matters for jurisdictional purposes, because the relevant inquiry is "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815–16 (7th Cir. 2006).

And that is before Schutte's claim, on behalf of the class, for exemplary damages. She asserts that "several thousand persons and entities," each have a claim for exemplary damages of $25,000 pursuant to Wis. Stat. § 146.84(1). "[P]unitive damages [] factor into the amount-in-controversy calculation." *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 582 (7th Cir. 2017). And "it cannot be said to a legal certainty that [Schutte] would be unable to recover sufficient punitive damages to satisfy the amount in controversy requirement," *LM Insurance Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008), at least on the face of the Complaint. Plaintiff expressly invoked the statutory $25,000 figure, pleaded the statutory predicate of willfulness, and asserted the class was several thousands at least. Indeed, at least one prior case under the same statute, *Moya v. Healthport Technologies LLC*, No. 2013-cv-2642 (Wis. Cir. Ct., Milwaukee County), settled for an amount substantially above the CAFA threshold, in part because the plaintiffs there argued that the exemplary

damages applied on a per-violation basis. *See* Manna Decl. Ex. 1 (settlement agreement and final order approving same). The inevitable consequence of remand here would be that, if her claim proceeds on the merits, Plaintiff would ask for millions of dollars in exemplary damages in state court. That is exactly what CAFA jurisdiction exists to cover.

As for the local controversy exception, Schutte does not carry her burden of showing that the exception applies. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006) (burden of proving CAFA exceptions falls on party seeking remand). Since 2018, multiple other class actions "asserting the same or similar factual allegations" have been filed against Ciox or ProHealth. 28 U.S.C. § 1332(d)(4)(A). Schutte attempts to distinguish these cases by noting that they do not make precisely the same *legal* arguments as she does, or involve similar theories under other states' equivalent laws, but this argument disregards the statutory text: when determining the local controversy exception, it is the "factual allegations" in the complaints that matter. The presence of factually similar suits in other states, or in Wisconsin asserting that similar conduct supposedly violated the statute under a different legal theory, *strengthens*, not weakens, the grounds for federal jurisdiction.

As Schutte herself notes in her Complaint, although states have different laws concerning the exact amounts plaintiffs' lawyers must pay for copies of medical records, class action litigation challenging purported overcharges—often, as here, asserting the same method of calculating fees violates state laws for the same reason—is very much a national phenomenon. Congress has directed such national phenomena be adjudicated in federal courts. That is where this action should stay.

## BACKGROUND

Schutte's Complaint is straightforward. *See generally* ECF No. 1-1 at 5–17 (operative state court complaint, hereafter "Compl."). Schutte was injured in a car collision. Compl. ¶ 6. She retained Cannon & Dunphy, S.C., a personal injury law firm, to seek compensation for her injuries. *Id.* ¶ 7. Her lawyers sought electronic copies of medical records relating to her treatment at Defendant ProHealth Care, Inc. ("ProHealth"). *Id.* ¶ 8. Twenty days later, ProHealth's release of information provider, defendant Ciox, wrote back agreeing to provide the copies after Cannon & Dunphy, a third-party authorized requestor, paid Ciox's usual and customary fees charged pursuant to Wis. Stat. § 146.83, which in this case amounted to $61.23. *Id.* ¶ 12; *see also* ECF No. 1-1 at 25 (reproduction of invoice). Cannon & Dunphy paid the fees without protest, and proceeded to recoup the fees by deducting this cost from the settlement it ultimately procured for Schutte. Schutte then sued Ciox, ProHealth, and various placeholder entities in Wisconsin state court, alleging that these charges were illegal and demanding actual damages for the illegal fees plus interest, attorneys' fees and costs, and exemplary damages "not more than $25,000" pursuant to Wis. Stat. § 146.84(1)(b). Compl. ¶ 26.

Schutte seeks to pursue the matter as a class action, on behalf of a class of, in essence, everyone who ever requested copies of medical records from any Wisconsin health provider that contracted with Ciox in which a fee was charged. Compl. ¶ 15. The Complaint focuses its attention on the theory that Ciox cannot charge a per-page rate for electronic copies of medical records, *see, e.g., id.* ¶ 13, but both the class and the substantive claims made in the

suit are, by their terms, broader: the class includes anyone who was charged "similar impermissible fees" for any "patient health care records." Compl. ¶ 15.

This suit was originally filed in Waukesha County Circuit Court; Ciox timely removed to this Court, ECF No. 1 (Notice of Removal). In its Notice of Removal, Ciox asserted that federal jurisdiction existed by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* ¶ 6. It noted that Ciox was a citizen of Georgia, while Schutte was a citizen and resident of Wisconsin. *Id.* ¶¶ 7–9. And it alleged the amount in controversy exceeded $5,000,000, noting that the Complaint pled a class of thousands, each of whom likely were subject to multiple violations, and sought $25,000 for each violation; "it would only take 200 violations resulting in exemplary damages of $25,000 per violation to reach $5,000,000." *Id.* ¶ 13. Ciox has subsequently moved to dismiss the case, ECF No. 12; briefing of that motion is ongoing. Schutte has now moved to remand. ECF No. 20.

## ARGUMENT

The parties agree that this Court has original jurisdiction over this case—and therefore removal was proper—if the requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d) are met. And it is not contested that "the class comprises more than 100 members, minimal diversity of citizenship is present, and [Ciox] alleged in the notice of removal that the amount in controversy exceeds $5 million, the statutory threshold," all of the basic criteria for jurisdiction under CAFA. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). Schutte challenges jurisdiction on only two grounds: first, she calls into question the amount in controversy; second, she argues that the

"local controversy exception" of CAFA applies. As a matter of law, Schutte's jurisdictional arguments each fail.

## I.     THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION.

The "amount in controversy" for purposes of federal court jurisdiction is "what the plaintiff hopes to get out of the litigation," *Red Roof Inns*, 435 F.3d at 815–16. "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (emphasis added). As clarified by the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 514 U.S. 81, 88 (2014), a removing defendant under CAFA initially establishes the presence of the amount in controversy by making a short and plain statement in the notice of removal; "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the Court." *Id.* at 87. When, as here, the plaintiff challenges the amount in controversy, 28 U.S.C. § 1446(c)(2)(B) provides that removal is proper "if the district court finds, by preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. "In such a case, both sides submit proof and the court decides . . . whether the amount-in-controversy requirement has been satisfied." *Dart*, 547 U.S. at 88.

The Seventh Circuit, post-*Dart*, has explained how a removing defendant may meet this burden in *Sabrina Roppo v. Travelers Commercial Insurance Co.*. Acknowledging the "difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims,"

the Seventh Circuit has held that, even when the jurisdictional dispute has reached the phase where both sides submit proof, a removing party need only establish the amount in controversy "by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Sabrina*, 869 F.3d at 579 (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). The Seventh Circuit approved "several ways that the defendant may meet this burden," two of them relevant here: first, "by calculation from the complaint's allegations"; second, "by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* at 579.

"If the removing party is able to meet this burden, then remand is appropriate only if the plaintiff can establish the claim is for less than the requisite amount to a 'legal certainty.'" *Sabrina*, 869 F.3d at 579 (*quoting Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). Finally, "[i]t suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 574 U.S. at 89.

## A. Plaintiff's Demand for Actual Damages Alone Puts More than $5 Million in Controversy.

In her motion for remand, Schutte tellingly makes no concession or argument that the class's actual damages would, as a legal certainty, be less than $5 million. Instead, she faults Ciox for not offering "evidentiary facts to substantiate its assertion that the amount in controversy exceeds $5 million;" in particular, failing to file "affidavits . . . establishing the

number of persons or entities Ciox charged or the amounts of charges made for 'paper copies' when producing electronic copies of patient health care records." ECF No. 21 at 6.

The Court should reject this argument for two reasons. First, Ciox is not required to submit such proof upon removal. As the *Dart* Court made clear, this evidence can be introduced for the first time in an opposition to remand. *Dart*, 574 U.S. at 89. Second, Ciox has now provided a declaration explaining that Ciox fulfilled approximately 727,500 requests made by Wisconsin residents to health care providers located in Wisconsin for electronic copies of medical records in which a fee was charged or for copies of medical records in which an electronic delivery and/or archive fee was charged in the past six years.[1] Given the number of requests and what the Complaint says on its face, the amount-in-controversy exceeds $5 million.

It is Schutte's position that *any* amount charged for electronic copies of records is a violation of the statute, and the statute is violated for each such request. *See* Compl. ¶ 13 ("Fees permitted under Wisconsin state law for the release of [copies of] health care records are set forth in Wis. Stat. § 146.83 . . . [t]here is no 'applicable fee' [under the statute] for

---

[1]    In fact, the Complaint does not limit the class period by date, so arguably the correct amount for amount-in-controversy purposes is every charge since the statute was passed. The statute of limitations is an affirmative defense, and affirmative defenses cannot be used to limit the amount in controversy for jurisdictional purposes. *See, e.g.*, *Salis v. Am. Exp. Lines*, 331 F. App'x 811, 814 (2d Cir. 2009) ("The district court's reliance on an affirmative defense to determine that the amount in controversy was insufficient to support diversity jurisdiction was improper"). But even assuming the Complaint seeks a class period of the longest period permitted by any applicable statute of limitations, six years is a reasonable estimate of what Plaintiff may contend the statute of limitations is. The plaintiff in a similar action against Essentia Health pending in the Western District of Wisconsin (after removal from Washburn County Circuit Court under CAFA) has argued that a six-year limitations period applied. *See generally Hills v. Essentia Health*, No. 3:19-cv-00907-WMC (W.D. Wis.).

electronic copies or electronic data archive fees"); *accord* Compl. ¶ 25 (alleging violation of Wis. Stat. § 146.83 because "in response to said requests [for copies of medical records], defendants . . . unlawfully imposed fees not allowed by Wis. Stat. § 146.83, including 'paper copies' fees for electronic copies of patient health care records, electronic data archive fees, *and other fees*" [emphasis added]). Accordingly, each of these 727,500 charges for electronic copies of records of treatment would, on Plaintiff's theory of the case, constitute a violation for which actual damages were recoverable. Because CAFA expressly permits aggregation of damages, 28 U.S.C. § 1332(d)(6), it follows then that each plaintiff would need to recover, on average, only $6.88 each for the amount-in-controversy to exceed $5 million.

Schutte alleges that she was charged $61.23 for copies of medical records, Compl. Ex. 3, twice the necessary number, and alleges that her claims are typical of the class, Compl. ¶ 17. A "plausible and good faith estimate" of damages in a class action can take account of the damages alleged by the class representative. *See, e.g.*, *Sabrina*, 869 F.3d at 580 (examining class representative's claims as one basis for such a calculation). Here, it is plausible that each individual class member would seek, *on average*, actual damages of at least $6.88 reflecting a little more than one-tenth of Schutte's charge; indeed, it is eminently plausible that $6.88 is on the low end and that individual class members would seek much, much more. Compl. ¶ 12. That is all that is needed to prove the amount-in-controversy; that Ciox may ultimately prove Schutte's claims wrong on the law or raise affirmative defenses to some or all of the class members' claims does not reduce the amount that the Complaint facially asks for.

*Brill v. Countrywide Home Loans, Inc.*, a case Schutte herself cites, ECF No. 21 at 6, proves this point. There, "Countrywide did all that is necessary by admitting that one of its employees sent at least 3,800 fax ads." 427 F.3d 446, 449 (7th Cir. 2005). "From this and the statutory text," the court could "determine that the controversy exceeds $5 million," particularly when "[t]he complaint did not set a cap on [the] recovery." *Brill*, 427 F.3d at 449. *See also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (uncertainty over how much each putative class member was overcharged did not defeat showing of $5 million amount in controversy). In short, there is ample evidence that the amount-in-controversy exceeds the statutory amount from actual damages alone.

**B.      Because Plaintiff Is Seeking Up to $25,000 in Exemplary Damages Per Violation Under Wis. Stat. § 146.84(1)(b) for a Class of Thousands, Far More Than $5 Million Is in Controversy.**

In addition to faulting Ciox wrongly for not submitting evidentiary affidavits, Schutte attacks Ciox's initial calculation of the amount in controversy in Ciox's notice of removal. There, Ciox took account of the Complaint's allegations (a) that the class comprised "several thousand persons and entities," Compl. ¶ 16, (b) that plaintiff had alleged each class member may be entitled to up to $25,000 in exemplary damages per violation, Compl. ¶ 26, and (c) that it would take only 200 violations penalized by exemplary damages of $25,000 per violation to reach $5 million. *See* ECF No. 1 ¶¶ 12–15. Schutte attacks this calculation, relying upon *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) and *Zhang v. United Healthcare Ins. Co.*, No. 2:11-cv-00072-JPS, 2011 WL 1533008, at *3 (E.D. Wis. Apr. 22, 2011), which it claims mean that "[c]ourts in this circuit reject such claims of removing defendants who simply point to plaintiff's estimate of the class size being in the

thousands multiplied by a one size fits all number for damages to satisfy the $5 million threshold under CAFA." ECF No. 21 at 7 (internal quotations omitted).

In making this argument, Schutte does not contest that "punitive damages [] factor into the amount-in-controversy calculation," *Sabrina*, 869 F.3d at 582. Nor does Schutte ever reject Ciox's characterization of her claim as seeking $25,000 in punitive damages per violation, or her allegation of thousands of class members in existence. Instead, her argument turns entirely on two premises: first, that trial-style evidence must be adduced to *prove* the amount of punitive damages a jury would award, ECF No. 21 at 6; and second, that punitive damages are somehow a "one size fits all" amount that cannot be accurately estimated.

Schutte is mistaken on both counts. First, as the Seventh Circuit underlined in *Sabrina*, decided after *Dart*, Ciox can meet its burden to show the amount in controversy exists on a preponderance of the evidence "by calculation from the complaint's allegations." *Sabrina*, 689 F.3d at 579.[2] Second, it is enough for Ciox to show that "a fact finder might conceivably lawfully award" exemplary damages to even a small subset of the class for those damages to be calculated in the amount in controversy. *Id.* at 582–83.[3] Ciox amply makes that showing.

---

[2]  Schutte cites *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844–45 (7th Cir. 2009) for the proposition that "competent proof" is required for proving amount in controversy, but there the Court held that no competent proof was adduced when the complaint itself made it plain that there were no facts whatsoever to support raising the sum certain claimed for plaintiffs' medical expenses above the jurisdictional threshold.

[3]  The two cases relied on by Schutte in her attack on Ciox's calculations in fact undermine her argument. In *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007), Schutte accurately quotes the panel's explanation that "the existence of the required amount-in-controversy,

"In cases such as this, where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law. . . . If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (cleaned up). Here, it is uncontested that punitive damages are available under state law: the statute itself authorizes up to $25,000 in exemplary damages for a violation. Wis. Stat. § 146.84(1)(b).

And "[e]ven when carefully scrutinized . . . it cannot be said to a legal certainty that [Schutte] would be unable to recover sufficient punitive damages to satisfy the amount in controversy requirement." *LM*, 533 F.3d at 551. Here, the Complaint alleges that Ciox "intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposed fees

---

including the punitive damages alleged to reach the required amount, must still be supported by competent proof," but the Eighth Circuit there *found* jurisdiction solely on the basis that Minnesota law would permit a jury "to award OnePoint damages totaling more than $75,000," because "[a]s we see it, the federal court has jurisdiction over [plaintiff] OnePoint's case 'unless, *as a matter of law, [plaintiff] could not recover punitive damages.*'" *Id.* at 349–50 (emphasis added). Here, the statute expressly authorizes exemplary damages for willful violations and Schutte pleads that each violation was willful, even referencing the $25,000 figure; on the reasoning of *OnePoint*, then, jurisdiction is proper. Meanwhile the court in *Zhang v. United Healthcare Ins. Co.*, No. 2:11-cv-00072-JPS, 2011 WL 1533008 (E.D. Wis. Apr. 22, 2011) rejected the amount-in-controversy allegations there because the Court found it implausible that every class member (numbering in the thousands) would collectively *refuse* to sign a subrogation agreement that the complaint alleged plaintiff committed wrongdoing by *forcing* others to sign. The representative plaintiff in *Zhang* was not by any means representative of the class. *Id.* at *3 ("there is no evidence that the class members—college students, a relatively healthy populace—will have medical bills even rivaling those of Mr. Zhang"). Here, of course, the class members are all identically situated vis-à-vis exemplary damages, because the exemplary damages inquiry under the statute at issue focuses on the willfulness of *defendant's* conduct. *See* Wis. Stat. § 146.84(1).

not allowed" by Wisconsin law. Compl. ¶ 25. It also alleges that Ciox knew the applicable

Wisconsin law, alleging that it "indicat[ed] its intent to apply Wisconsin state law for this

electronic copy." Compl. ¶¶ 12–13. And—to put all doubt to rest—they expressly invoke

the provision of the statute authorizing up to $25,000 in exemplary damages. *Id.* at ¶ 26. The

statute applies "exemplary damages" of up to $25,000 to any "knowing or willful" violation.

Wis. Stat. § 146.84(1)(b). That is ample to demonstrate that, in contrast to *American Bankers*

*Life Assurance Co. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003), cited by Schutte,

ECF No. 21 at 5–6, that punitive damages are "theoretical[ly] availab[le]."[4] *See Back*

*Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (sustaining an

above-$5 million amount in controversy on the basis of punitive damages even though

plaintiffs did not seek punitive damages in the pleadings, because it was not impossible that

a punitive award would be made).

Indeed, if this case were to be remanded to state court, there is every likelihood that

Plaintiff would turn around and claim damages far in excess of $5 million. A Wisconsin state

court class action alleging that certain fees violated Wis. Stat. § 146.83(3f) recently resulted in

a class action settlement of up to $35,421,442, premised in large part on the threat that the

court would find exemplary damages applied on a per-violation basis. *See* Manna Decl. Ex. 1

(Settlement Agreement and final order approving same in *Moya v. Healthport Techs. LLC*,

No. 2013-cv-002642 (Wis. Cir. Ct., Milwaukee County)). Conspicuously, Plaintiff does *not*

---

[4]    Similarly, it cannot be said "to a legal certainty" that this Court will find that a $5 million award
of exemplary damages here would violate due process, especially given (as noted above) that
actual damages alleged, for amount-in-controversy purposes, also exceed $5 million, *see supra*.

say that she will not argue for per-violation exemplary damages in this case—all she says is that there is insufficient proof that after motion practice, discovery, and trial, she will convince a jury to award that much. In *Dart* and elsewhere, courts have emphasized that this jurisdictional gamesmanship is improper under CAFA. *See, e.g.*, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (Plaintiff "cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of [$5 million] but refusing to admit or stipulate that her damages will not exceed that amount"). For amount-in-controversy purposes here, then, the CAFA threshold of $5 million is easily exceeded.

## II. THE LOCAL CONTROVERSY EXCEPTION DOES NOT APPLY.

"[T]he plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006). The local controversy exception requires satisfaction of four criteria, the fourth of which is that "during the 3-year period preceding the filing of that class action [*i.e.*, January 29, 2018 to January 29, 2021], no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A). The parties dispute the satisfaction only of this criterion. As explained below, multiple cases have asserted the same or similar factual allegations against Ciox or ProHealth in the statutory period.

## A. Courts Have Construed Factual Similarity Broadly.

As Schutte recognizes, ECF No. 21 at 14, the Seventh Circuit has yet to definitively interpret exactly what "the same or similar factual allegations" means in CAFA. But that does not mean (as Schutte appears to contend) that this Court writes on a blank state. In

certain respects, the text of the exception is clear: a class action will not qualify for the exception if a prior action asserts "the same or similar *factual allegations*" against any of the defendants "on behalf of the same *or other persons*." (Emphasis added.)[5]

As for what constitutes "the same or similar factual allegations," other courts have adopted a common-sense test: a prior case will be held to have the same or similar factual allegations as the instant case when it shares with that case at least one common question of material fact, or arises out of almost exactly the same conduct. *See Dutcher v. Matheson*, 840 F.3d 1183, 1192 (10th Cir. 2016) (test is whether cases "fundamentally rely on demonstrating the same facts . . . in *at least one* crucial respect" (emphasis added)); *Brown v. Saint-Gobain Perf. Plastics Corp.*, No. 16-cv-242-JL, 2016 WL 6996136, at * 4 (D.N.H. Nov. 30, 2016) ("Courts have found such similarities where plaintiffs alleged nearly identical conduct by the same defendant in different states resulting in the same injury to different plaintiffs.").

## B.    Plaintiff's Attempts to Gerrymander This Case Out of Federal Court Fail.

Here, Schutte concedes that there have been multiple class actions filed against Ciox or ProHealth complaining of illegally charged fees for the copying or transmission of copies of medical records, both in Wisconsin and elsewhere. But she argues that she has successfully snaked around those cases such that they do not assert the same or similar factual allegations. Whereas previously filed actions in Wisconsin concerned "retrieval" or

---

[5]    This text also dispenses with Schutte's unsourced assertion that prior actions must be "brought in the interests of the same Class being represented here." ECF No. 21 at 13. The text is clear that the prior action may be brought on behalf of "other persons," which unambiguously means that the classes need not overlap. Schutte appears to detach the phrase "similar" from "factual allegations" and apply it to "other persons"; which is a patently unreasonable way of reading the statutory text.

"certification fees" purportedly not authorized by subdivisions (b)(4) and (5) of Wis. Stat. § 146.83(3f), she says that *this* suit concerns page-based fees for electronic copies of medical records purportedly not authorized by subdivision (b)(1) of the same statute. ECF No. 21 at 12. Meanwhile, Schutte asserts, suits filed against Ciox for charging page-based fees for electronic copies of medical records purportedly not authorized by other states' counterparts to Wis. Stat. § 146.83(3f) do not count because they were not brought under Wisconsin state law. But Congress wrote "similar factual allegations"; it did not write "identical factual allegations and legal theories." Schutte cannot escape the similarity of the factual allegations here to those multiple other cases.

1.   **Because This Case Alleges That Ciox and ProHealth Charged Fees for Electronic Copies of Medical Records Not Expressly Authorized by Wis. Stat. § 146.83(3f), Its Factual Allegations Are Similar to the Retrieval/Certification Fee Cases.**

There are multiple problems with Schutte's argument that class actions asserting violations of Wis. Stat. § 146.83(3f)(b) against defendants that overlap with those here are not "similar." To begin, the essential theory of the Complaint is that Wis. Stat. § 146.83(3f)(b) applies to requests for electronic copies of medical records and, because no subdivision of § 146.83(3f)(b) provides for such requests, every fee charged for them is illegal. *See, e.g.*, Compl. ¶ 15 ("paper copies" fees *and* "other similar impermissible fees" (emphasis supplied), ¶ 25 ("in response to said requests, the defendants . . . . unlawfully imposed fees not allowed by Wis. Stat. § 146.83 [no subsection specified], *including* 'paper copies' fees for electronic copies of patient health care records, electronic data archive fees, *and other fees*." (emphasis supplied)).

Plaintiff's class definition and alleged violations thus would *include* members of the putative classes in the retrieval/certification cases, including *Fotusky v. Ebix, Inc.*, No. 2018-cv-000832 (Wis. Cir. Ct., Milwaukee County, filed Jan. 30, 2018) (complaint reproduced at Manna Decl. Ex. 2; ProHealth is a defendant);[6] *Hills v. Essentia Health*, No. 3:19-cv-00907-WMC (W.D. Wis., filed Nov. 4, 2019) (complaint reproduced at Manna Decl. Ex. 4; Ciox is a third-party defendant on the theory that it owed a duty to indemnify); and *Baker-LaRush v. Med. Servs. Inc.*, No. 2019-cv-000152 (Wis. Cir. Ct., Sawyer County, filed Nov. 20, 2019) (complaint reproduced at Manna Decl. Ex. 5; Ciox is a third-party defendant on the theory that it owed a duty to indemnify) (these cases will be referred to, collectively, as the "Prior Wisconsin Ciox Actions"). As Schutte's own exhibits illustrate, these class actions, each filed within the three-year period, *also* involve (a) personal injury plaintiffs (b) whose lawyers requested copies of medical records from the defendants here (c) who paid the fees requested and then (d) who sued, seeking to represent a class, on the grounds that the fees charged were unlawful under Wis. Stat. § 146.83(3f)(b) because they were not expressly specified therein.[7] That the Prior Wisconsin Ciox Actions emphasized one set of

---

6    *Fotusky* was originally filed in Milwaukee County Circuit Court under case no. 2018-cv-000832; on October 10, 2018, it was transferred to Waukesha County, whereupon it was assigned case no. 2018-cv-001829. *See* Manna Decl. Ex. 3 at 18 (*Fotusky* docket).

7    *See* ECF No. 22 at 8 (*Fotusky* case motion for class certification describing complaint), ECF No. 22 at 24–25 (*Hills* description of complaint against Essentia, alleging that Hills' attorneys requested copies of medical records, were charged for said copies, are suing under Wis. Stat. § 146.83, and seek to represent a class who were charged "retrieval, certification, *or other fees*"); ECF No. 22 at 36–37 (order re motion to dismiss in *Baker-LaRush*, describing complaint as involving a personal injury plaintiff who hired Lein Law Offices to represent her; Lein requested copies of medical records; was charged $94; paid; sued, claiming "a violation of Wis. Stat. § 146.83 governing the maximum charges that may be imposed for obtaining the copies, and . . . which types of fees cannot be charged").

allegedly unlawful fees over another set of supposedly unlawful fees does not stop them from being "comparable in substance," Schutte's own proposed test, ECF No. 21 at 13: all allege, from essentially identical plaintiffs, that fees were charged in violation of Wis. Stat. § 146.83(3f)(b). If these are not the same, they are similar, and "similar" is all the statute requires.

A second, more fundamental problem with Schutte's argument is that it reads two critical words out of the statute: ***factual allegations***.[8] It is *not* necessary for the "other class action" to assert the same or similar *legal claims* against any of the defendants; the statute requires only that the prior class action involve "the same or similar factual allegations," without regard to the law under which those allegations purport to state a claim. "[D]ifferences in the causes of action pleaded are not enough to distinguish cases under the demands of CAFA: the local controversy exception looks exclusively to whether the other case has asserted 'the same or similar *factual allegations*,' 28 U.S.C. § 1332(d)(4)(A)(ii), not the same or similar causes of action," *Dutcher v. Matheson*, 840 F.3d 1183, 1191–92 (10th Cir. 2016) (emphasis in original), "or legal theories." *Giannini v. Nw. Mut. Life Ins. Co.*, No. 4:12-cv-00077-CW, 2012 WL 1535196, at *5 (N.D. Cal. Apr. 30, 2012). *Accord Jadeja v. Redflex Traffic Sys., Inc.*, No. 3:10-cv-04287-WHA, 2010 WL 4916413, at *3 (N.D. Cal. Nov. 22, 2010); *Torres v. CleanNet, U.S.A., Inc.*, No. 2:14-cv-02818-AB, 2014 WL 5591037, at *10 (E.D. Pa. Nov. 4, 2014) (similar facts where both actions alleged misconduct by a

---

[8]    Indeed, in its brief foray into textual analysis on the next page of its brief, Schutte is careful to provide dictionary definitions of the common place words "similar" and "on behalf of" but simply ignores the phrase "factual allegations." ECF No. 21 at 13.

common national defendant against franchisees, despite additional, local defendants and claims under different state laws); *Brook v. UnitedHealth Grp. Inc.*, No. 1:06-cv-12954-GBD, 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007) (similar facts alleged where "virtually identical" class actions were filed in Connecticut and New York, but classes were limited to physicians of their respective states).

The Senate Report accompanying CAFA made Congress's intent here clear: "the inquiry under this criterion should not be whether identical (or nearly identical) class actions have been filed. The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions, *regardless of whether the same causes of actions were asserted* or whether the purported plaintiff classes were the same (or even overlapped in significant respects)." S. Rep. No. 109-14 at 41 (2005) *reprinted in* 2005 U.S.C.C.A.N. 3, 39 (emphasis added). The "no other class action" inquiry proceeds "without regard to the procedural posture of the earlier filed cases or whether the putative classes in the cases overlap, their claims arise from an identical event, or involve the same causes of action or legal theories." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 508–09 (3d Cir. 2013).

In this case, the facts that must be demonstrated are simple: were class members charged fees for electronic copies of medical records? The factual questions are identical to those posed in each of the Prior Wisconsin Ciox Actions. It is only the legal questions— whether these facts give rise to liability under a given state medical record access law—that are distinct. The *Dutcher* test is satisfied: these cases and the present one have more than one material fact in common—they involve almost identical fact patterns, just with different plaintiffs and different state laws. *See McCracken v. Verisma Sys., Inc.*, No. 6:14-cv-06248-

- 19 -

MAT, 2017 WL 2080279, at *5 (W.D.N.Y. May 15, 2017) ("Undoubtedly, the representative plaintiff in *Lagas* [*v. Verisma Sys., Inc.*, No. 4:13-cv-01082-SWH (W.D. Mo.)] and the representative plaintiffs in this case assert 'similar factual allegations' against Verisma, namely that Verisma overcharged them for copies of medical records requested and paid for through their personal injury attorneys, in violation of the respective state's medical records law.")

In all four of these cases, the same kinds of plaintiffs—personal injury victims whose lawyers requested copies of medical records from entities that contracted with Ciox—experienced the same alleged injury—overcharging as a matter of state law—and initiated a class action to get the "overcharges" back. It strains credulity to claim that these cases are *factually* dissimilar because the overcharges complained of in one set of cases violated a different statutory sub-sub-section than the overcharges in another.

2.     **In Any Event, This Case Involves Similar Factual Allegations to Claims under Other States' Equivalent Laws Alleging That Ciox Charged Per-Page Fees or Archiving or Delivery Fees for Electronic Copies of Medical Records.**

Even if this Court were to conclude that this case is sufficiently different from the Wisconsin class actions, *Deming v. Ciox Health, LLC*, No. 9:20-cv-00016-DWM (D. Mont.) is a putative class action involving plaintiffs who had their personal injury lawyers request electronic copies of medical records from hospitals that contracted with Ciox and were charged per-page and other fees. *See* Manna Decl. Ex. 6 (original complaint); *see also Deming v. Ciox Health, LLC*, 475 F. Supp. 3d 1160, 1162 (D. Mont. 2020) (order dismissing complaint, describing allegations therein), *appeal pending*, No. 20-35744 (9th Cir.). Aside from the fact

that the plaintiffs are citizens of Montana, and so contended that Montana's statute defining reasonable fees for copies of health care records prohibited these charges rather than Wisconsin's, the case is a mirror image of this one. That is enough for CAFA. "Plaintiffs cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts. Such conduct is precisely what the CAFA legislation was intended to eradicate." *Brook*, 2007 WL 2827808, at *4.

And *Deming* is far from the only class action filed in the last three years in which a personal injury plaintiff (or personal injury law firm) has sued Ciox as a class representative claiming overcharges for copies of medical records. Multiple cases filed in the last three years have specifically asserted the theory that a state statute authorizing per-page fees for paper copies did not authorize per-page fees for electronic copies. *E.g.*, *Cross v. Ciox Health, LLC*, No. 4:19-cv-00007-FL (E.D.N.C.) (original complaint reproduced at Manna Decl. Ex. 7; class action filed Jan. 11, 2019, alleging that plaintiffs were overcharged for copies of medical records in electronic format in violation of North Carolina law when their attorneys requested them); *Rios v. Partners in Primary Care, P.A.*, No. 5:18-cv-00538-ESC (W.D. Tex.) (original complaint reproduced at Manna Decl. Ex. 8; class action filed May 31, 2018, against Ciox among others alleging that fees charged for copies of electronic records violated Texas and federal law); *Browne v. Ciox Health, LLC*, No. 4:19-cv-00667-RWS-KPJ (E.D. Tex.)

(original complaint reproduced at Manna Decl. Ex. 9; class action filed Sept. 13, 2019, alleging that fees charged for copies of electronic records violated Texas law).[9]

In similar circumstances—including a case involving allegations that Ciox overcharged for copies of medical records—courts have recognized that the local controversy exception was not intended to allow copycat suits in each state under that state's laws to escape federal jurisdiction. Specifically:

> Congress intended the local controversy exception to capture only purely local disputes—those that "uniquely affect a particular locality to the exclusion of all others." *Vodenichar*, 733 F.3d at 508 n.11 (quoting 151 Cong. Rec. H723-01 (daily ed. Feb. 17, 2005) (statement of Rep. Sensenbrenner)). Although this case alleges violations of New York law, statutes regulating the price of medical records are not unique to the state of New York. *See, e.g.*, W. Va. Code § 16-29-1; Mo. Rev. Stat. § 191.227; Ohio Rev. Code Ann. § 1345.03. Indeed, similar class action lawsuits have been brought under these laws in various states across the country. *See, e.g.*, *Lagas v. Verisma Sys., Inc.*, No. 4:13-cv-01082-SWH (W.D. Mo. Nov. 4, 2013); *Hamilton v. Raleigh Gen. Hosp., LLC*, No. 16-cv-10035, 2017 WL 833050 (S.D. W. Va. Mar. 2, 2017); *Scavio v. Smart Corp.*, No. 3:97-cv-7209, 2001 WL 631326 (N.D. Ohio Apr. 26, 2001). A ruling made under one state's statute may very well influence litigation brought under another state's statute. *See, e.g., Wilson v. MRO Corp.*, No. 16-cv-5279, 2017 WL 1534202, at *4 (S.D. W. Va. Apr. 27, 2017) (relying cases brought under New York law to guide the court's decision on issues that arose in a case brought under West Virginia law). Accordingly, Defendants' reliance on the purpose of the local controversy exception is unavailing.

*Carter v. CIOX Health, LLC*, 260 F. Supp. 3d 277, 286 (W.D.N.Y. 2017).

---

[9]     *See also Cross v. Ciox Health, LLC*, 438 F. Supp. 3d 572, 578 (E.D.N.C. 2020) (dismissing complaint), *appeal dismissed*, No. 20-1262, 2020 WL 5203205 (4th Cir. Aug. 31, 2020); *Rios v. Partners in Primary Care, P.A.*, No. 5:18-cv-00538-ESC, 2019 WL 6840785 (W.D. Tex. Dec. 16, 2019) (denying motion to dismiss).

That is exactly the case here. Plaintiffs across the country have brought putative class claims under state statutes often written at a time where medical records requests were predominantly paper or microfilm, arguing that they do not authorize per-page charges based on on-screen pages rather than hard-copy pages. This case may be the first one to assert it on a class basis in Wisconsin (although two supposedly "individual" actions against hospitals on the same theory nonetheless asserted, before being dismissed because they were wrong on the law, that as individual plaintiffs they could nonetheless seek injunctive relief for the benefit of non-parties),[10] but it is following a well-trod path nationwide.

Plaintiffs' cited cases are not to the contrary. In *Anderson v. Hackett*, 646 F. Supp. 2d 1041, 1051 (S.D. Ill. 2009), the Court found that a previously filed complaint where "the plaintiffs argued that Monsanto should not have produced and distributed its products" did not contain the same or similar factual allegations as the instant case where "plaintiffs argue that Monsanto should have used greater care in producing and handling its products." Here, the allegations of every case mentioned were precisely the same: Ciox charged plaintiffs' attorneys an amount for copies of medical records allegedly above the amount permitted by the relevant state law. And in several of the cases, including *Deming*, plaintiffs specifically alleged that per-page fees for electronic copies were unauthorized by the relevant state's statutes.[11]

---

[10] *See Banuelos v. University of Wisconsin Hospital and Clinics Authority*, No. 2020-cv-000903, Oral Ruling, Doc. # 34 (Wis. Cir. Ct., Dane County, Sept. 1, 2020) (reproduced at ECF No. 13-1); *Meyer v. Aurora Health Care*, No. 2020-cv-005760, Oral Ruling, Doc. # 18 (Wis. Cir. Ct., Milwaukee County, Feb. 8, 2021) (reproduced at ECF No. 13-2).

[11] The remaining cases Schutte cites, ECF No. 21 at 14–18, are distinguishable in the same way. In *Rasberry v. Capitol County Mutual Fire Insurance Co.*, 609 F. Supp. 2d 594, 605 (E.D. Tex. 2009), the

In short, while Plaintiff may now assert that "[i]f this lawsuit were a cat, there simply is no 'copy' here," ECF No. 21 at 17, that is neither the statutory standard nor correct even on its own terms. The lawsuits, for all intents and purposes, could be the same; all that differs is the statute the per-page fees for electronic copies are alleged to have breached. And under a statute that requires only *similar* factual allegations, that is more than enough. Were it is not enough—to use Plaintiff's forced analogy—that they are all cats, then it is enough that they are the same breed, and given that so many similar claims have been asserted over such a short period of time, perhaps even the same litter. That one lawsuit found its home in Wisconsin, another in Montana, and still another in Texas does not make them dissimilar. The same fight over the same per-page, electronic delivery, or electronic archiving fees for electronic copies of medical records is happening across the country—and that is no purely local controversy.

---

District Court found that the "essential contours" of two cases were "wholly dissimilar" when the first complaint complained of a breach of an insurance policy for failing to pay certain elements of claims (seeking damages), and the second complaint complained that the same insurance company had failed to use licensed adjusters and sought injunctive relief staying statutes of limitations until proper adjusters could step in. *Id.* at 605. And *Haynes v. EMC Mortgage Corp.*, No. 3:10-cv-00372-WHA, 2010 WL 1445650, at *6 (N.D. Cal. Apr. 12, 2010) concerned distinctions between a prior case attacking use of a certain electronic system for mortgages and the current case alleging violations of a mortgage-recordation statute. *See also Serrano v. Bay Bread LLC*, No. 3:14-cv-01087-TEH, 2014 WL 4463843, at *4 (N.D. Cal. Sept. 10, 2014) (applying local controversy exception when purported past class action involved "different violations *for different employer policies and practices* than those alleged in the instant lawsuits") (emphasis added). Here, by contrast, plaintiffs in all of the above-mentioned class actions sought damages for exactly the same conduct: overcharging lawyers for copies of medical records procured with patient authorization. That the paper-rate in one state may be a few cents more than another does not negate that essential similarity.

## CONCLUSION

For the foregoing reasons, this Court should deny the motion to remand.

Dated this 9th day of April, 2021.

s/Daniel A. Manna
GASS WEBER MULLINS LLC
Daniel A. Manna, SBN 1071827
241 N. Broadway, Suite 300
Milwaukee, Wisconsin, 53202
Telephone: (414) 223-3300
Facsimile: (414) 224-6116
manna@gwmlaw.com

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz, P.C.
Joseph M. Sanderson
601 Lexington Avenue
New York, New York, 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
lefkowitz@kirkland.com
joseph.sanderson@kirkland.com

*Attorneys for Defendant Ciox Health, LLC*