# EXHIBIT 2

FILED
01-30-2018
John Barrett
Clerk of Circuit Court
2018CV000832
Honorable Glenn H
Yamahiro-34
Branch 34

**STATE OF WISCONSIN**  **CIRCUIT COURT**  **MILWAUKEE COUNTY**

### THOMAS FOTUSKY
716 Saint Johns Drive
Delafield, WI 53018

Individually and on behalf of a class of others similarly situated,

    Plaintiff

Case No.:
Case Code:  30301

v.

### EBIX, INC.
c/o Brian J Nelson
6400 Industrial Loop
Greendale, WI 53129-2452

and

### PROHEALTH CARE, INC.
C T Corporation System
301 S. Bedford St. Suite 1
Madison, WI 53703

    Defendants.

---

## SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within 45 days of receiving this Summons you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent

or delivered to the court, whose address is Milwaukee County Courthouse, 901 North Ninth Street, Milwaukee, Wisconsin 53233 and to Welcenbach Law Offices, S.C., Plaintiff's attorney, whose address is 933 N. Mayfair Rd., Suite 311, Milwaukee, Wisconsin 53226. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure or property.

Dated at Milwaukee, Wisconsin this 28nd day of January, 2018.

> WELCENBACH LAW OFFICES, S.C.
> Attorneys for Plaintiff
>
> By: /s/Electronically signed by Robert J. Welcenbach
> Robert J. Welcenbach – SBN: 1033091

P.O. Address
933 N. Mayfair Rd., Ste. 311
Milwaukee, WI 53226
(414)774-7330
Facsimile: (414) 774-7670

Case 2018CV001829   Document 9   Filed 01-30-2018   Page 3 of 62

FILED
01-30-2018
John Barrett
Clerk of Circuit Court
2018CV000832
Honorable Glenn H
Yamahiro-34
Branch 34

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

---

**THOMAS FOTUSKY**
716 Saint Johns Drive
Delafield, WI 53018

Individually and on behalf of a class of others similarly situated,

    Plaintiff

v.

**EBIX, INC.**
c/o Brian J Nelson
6400 Industrial Loop
Greendale, WI 53129-2452

and

**PROHEALTH CARE, INC.**
C T Corporation System
301 S. Bedford St. Suite 1
Madison, WI 53703

    Defendants.

Case No.:
Case Code:   30301

---

## CLASS ACTION COMPLAINT
## &
## REQUEST FOR JURY TRIAL

---

Plaintiff Thomas Fotusky ("Fotusky" or "Plaintiff"), through his undersigned counsel files this Class Action Complaint and Request for Jury Demand on his individual behalf and on behalf a class of all similarly situated persons against Defendants and says in support:

## I. PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin who resides at the address captioned above.

2. The Defendant, EBIX, INC., ("EBIX") is a Wisconsin corporation headquartered in and duly licensed to conduct business in the State of Wisconsin, in which is found its principle place of business and whose registered agent is captioned above.

3. The Defendant, PROHEALTH CARE, INC.. ("Pro Health") is a Wisconsin corporation headquartered at N17 24100 Riverwood Dr Ste 130 Waukesha, Wisconsin, in which city is found its principle place of business and whose registered agent for service of process is captioned above. That, upon information and belief, PROHEALTH is a "health care provider" pursuant to Wis. Stat. §146.81.

4. That, upon information and belief, ProHealth Care, Inc. is also the parent corporation for and/or acts as the agent or business associate for and decides the amounts to charge and assesses and collects the charges for requests for certified medical records for the following entities, hospital, clinics or medical providers ("ProHealth Care Entity"):

   a. ProHealth Waukesha Memorial Hospital
   b. ProHealth Oconomowoc Memorial Hospital
   c. ProHealth Rehabilitation Hospital of Wisconsin
   d. ProHealth Angels Grace Hospice
   e. ProHealth Behavioral Health Services
   f. ProHealth Brookfield Clinic – Calhoun Rd
   g. Prohealth Care Medical Associates
   h. ProHealth Care Moreland Surgery Center
   i. ProHealth Care UW Cancer Center
   j. ProHealth Delafield Clinic – Golf Rd.
   k. ProHealth Hartland Clinic – Walnut Ridge Dr.
   l. ProHealth Heart and Vascular Care
   m. ProHealth Lake Country Emergency Physicians
   n. ProHealth Moreland Surgery Center of Wisconsin
   o. ProHealth Mukwonago Clinic – Maple Ave.
   p. ProHealth Mukwonago Emergency Department

q. ProHealth Mukwonago Occupational Health Services
r. ProHealth Muskego Clinic
s. ProHealth New Berlin Clinic
t. ProHealth New Berlin Occupational Health Services
u. ProHealth Oconomowoc Clinic
v. ProHealth Oconomowoc Occupation Health Services
w. ProHealth Oconomowoc Physician Center
x. Prohealth Oncologists
y. ProHealth Pewaukee Clinic
z. ProHealth Regency Senior Communities
aa. ProHealth Sussex Clinic
bb. ProHealth Watertown Clinic
cc. ProHealth Watertown Occupational Health Services – Airpark Dr.
dd. ProHealth Waukesha Clinic – Big Bend Rd.
ee. ProHealth Waukesha Clinic – Moreland Blvd.
ff. ProHealth Waukesha Occupational Health Services – Waterwown Rd Dr.
gg. ProHealth Weight Management Services

## II. BACKGROUND

5. The Citizens of Wisconsin have valid interests in obtaining copies of their medical records. They may want them to provide to their healthcare providers, for further evaluation, to pursue legal claims for injuries or simply to maintain the records out of personal concerns. Whatever the reason, the records must be made available for them to obtain.

6. While the citizens may want to obtain copies of their health records, the medical providers do not want to bear the expense of providing copies of the records to their patients.

7. The Wisconsin Legislature has addressed the respective wants and needs of both patients and the health care providers by enacting a statute, Wis. Stat. §146.83, that establishes the patient's rights to copies and sets the maximum compensation that the health care providers who provide the records may charge.

3

8. At this time, the production of copies of electronically stored information can be accomplished at minimal cost. The copy cost by a third party, such as Staples, starts at $.02 per page for black and white and up to $.11 per page for color copies.

9. The rates allowed by the Wisconsin law are substantially more than the costs of obtaining copies form third parties. Under Wis. Stat. §146.83, which states in pertinent part:

> (b) Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):
>
> 1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.
>
> 2. For microfiche or microfilm copies, $1.50 per page.
>
> 3. For a print of an X-ray, $10 per image.
>
> 4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.
>
> 5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.
>
> 6. Actual shipping costs and any applicable taxes.

10. A patient or a "person authorized in writing by the patient" who pays the fee is entitled to copies at the statutory rate and the "health care provider" must provide them pursuant to that rate under Wis. Stat. §146.83(3f).

11. Medical records may be released without the patient's authorization under Wis. Stat. 146.82(2), and, in that event, the provider may charge a certification fee and a retrieval fee.

4

12. This action arises because the Defendants have attempted to enhance their profits that they can make off the already generous allowable legislative per copy charge by also routinely charging patients or persons authorized by the patient, a certification fee, a retrieval fee, processing, basic or other fees not authorized by the statute.

13. That on May 4, 2017, the Wisconsin Supreme Court issued a decision in <u>Moya v. Healthport Technologies</u>, et. al, 2017WI 45 (2017) holding that a health care provider and their medical records provider may not charge certification, basic, processing or retrieval fees for producing a patient's records if the records are requested by either the patient or any person authorized in writing by the patient. The person authorized in writing acts the agent for a known principal.

14. That a copy of the decision is attached hereto as ***Exhibit A***.

15. The Plaintiff, Thomas Fotusky, is one of many persons who the Defendants charged illegal fees contrary to Wis. Stat. §146.83.

16. The Plaintiff seeks to represent himself and the other persons who are similarly situated to him because the relatively low dollar amount of the illegal charges by the Defendants make it an appropriate situation for a case under Wis. Stat. Sec. §803.08 which provides:

> When the question before the court is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.

17. Whether or not the Defendants charged in excess of the generous amounts allowed by Wisconsin law is a common or general interest to any person who has been charged by the Defendants or who may deal with the Defendants in the future.

18. Upon information and belief, the common or general interest question raised and causes of actions presented are of a common and general interest of many persons and those persons are very numerous and it would be impracticable to bring all such persons before the court.

19. Plaintiff should be permitted to proceed to sue for the benefit of the following classes:

    **ProHealth Care Class:**

    All persons in Wisconsin:

    (i) who were patients at any ProHealth Care Entity who authorized another person in writing to obtain the patient's medical records; and

    (ii) were charged a basic, retrieval and/or a certification fee and/or other unauthorized fee by Defendant ProHealth Care, Inc. through its agent Ebix, Inc., in violation of Wis. Stat. §146.83(3f)(b)(4) - (5) from July 1, 2011 through the date of trial; or

    (iii) were charged a basic, retrieval and/or a certification fee by Defendant ProHealth Care, Inc. directly or indirectly through an agent *other than* Ebix., Inc. or Ciox Health, LLC in violation of Wis. Stat. §146.83(3f)(b)(4) - (5) since July 1, 2011 through the date of trial.

    **Ebix, Inc. Class:**

    All persons in Wisconsin who:

    (i) were patients at a medical provider other than ProHealth Care, Inc. who authorized another person in writing to obtain the patient's medical records; and

6

(iii) were charged a basic, retrieval and/or a certification fee and/or other unauthorized fee by Ebix, Inc. in violation of Wis. Stat. §146.83(3f)(b)(4) - (5) since July 1, 2011 through the date of trial.

The Classes specifically excludes the following persons or entities: (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice or (iv) any law firm of record in these proceedings, including any attorney of record in these proceedings; and (v) anyone person who would otherwise belong to the class but who Defendants can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone.

### III. JURISDICTION & VENUE

20. This Court has jurisdiction over Defendants in that Defendants are physically located in Milwaukee County and conduct substantial business in Milwaukee County and are registered in this State to conduct business. This transaction further arose in Milwaukee County.

7

21. Venue is also appropriate in this County because Defendants are based in Milwaukee County and conduct substantial business in Milwaukee County and has, upon information and belief, employees based in Milwaukee County.

## IV. FACTS

22. Thomas Fotusky tripped and fell and was injured on January 6, 2017.

23. Mr. Fotusky retained Welcenbach Law Offices as his attorneys who processed his personal injury claim.

24. Mr. Fotusky signed HIPAA releases authorizing the release of medical information to his attorneys.

25. Mr. Fotusky's attorneys sought certified medical records and billings from Defendant, ProHealth Care, Inc. and through Lake Country Emergency Physicians.

26. The Lake Country Emergency Physicians is, upon information and belief, a subsidiary of or affiliate corporation of ProHealth Care, Inc..

### A. Certified Medical Records Requests – EBIX, INC.

27. That on or about May 12, 2017, Mr. Fotusky's attorney wrote and requested certified medical bills from Lake Country Emergency Physicians and provided a written consent in the form of a HIPAA release signed by Mr. Fotusky.

28. That EBIX responded to the medical bill request on behalf of Lake Country Emergency Physicians and provided a one (1) page certified bill for Mr. Fotusky and charged on invoice number LCE79726 the sum of $32.06.

29. That Welcenbach Law Offices paid the $32.06 charge to EBIX on behalf of Mr. Fotusky to obtain his certified medical bills.

30. That PROHEALTH, as the parent corporation, agent or business agent of Lake Country Emergency Physicians, and EBIX charged a basic, retrieval and/or a certification fee and/or other unauthorized fee to Mr. Fotusky contrary to Wis. Stat. §146.83 to obtain his certified medical bills.

31. That Defendants have negligently or knowingly and willfully charged these fees contrary to statute.

### B. Certified Medical Billing Request - PROHEALTH

32. On or about February 23, 2017, Mr. Fotusky's attorney wrote and requested certified medical bills from PROHEALTH for Oconomonow Clinic and Oconomonwoc Memorial Hospital and provided a written consent in the form of a HIPAA release signed by Mr. Fotusky.

33. PROHEALTH responded to the medical bill request on behalf of Oconomonow Clinic and Oconomonwoc Memorial Hospital and provided four (4) pages of certified medical bills for Mr. Fotusky and charged on invoice number 21786 the sum of $33.86 for the certified medical bills of Mr. Fotusky.

34. That Welcenbach Law Offices paid the $33.86 charge to PROHEALTH to obtain the certified medical records for Mr. Fotusky.

35. That on or about May 11, 2017, Mr. Fotusky's attorney wrote and requested certified medical bills from PROHEALTH for Oconomonow Clinic and Oconomonwoc Memorial Hospital and provided a written consent in the form of a HIPAA release signed by Mr. Fotusky.

36. That PROHEALTH responded to the medical bill request on behalf of Oconomonow Clinic and Oconomonwoc Memorial Hospital and provided three (3) pages of certified

medical bills for Mr. Fotusky and charged on invoice number 23017 the sum of $33.28 for the certified medical bills of Mr. Fotusky.

37. That Welcenbach Law Offices paid the $33.28 charge to PROHEALTH to obtain the certified medical records for Mr. Fotusky.

38. That PROHEALTH charged a basic, retrieval and/or a certification fee and/or other unauthorized fee to Mr. Fotusky contrary to Wis. Stat. §146.83 to obtain his certified medical records.

39. That PROHEALTH has negligently or knowingly and willfully charged these fees contrary to statute.

## VIOLATION OF WIS. STAT. §146.83
## ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

40. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

41. That Mr. Fotusky ultimately settled his personal injury case and reimbursed Welcenbach Law Offices for all charges incurred from Defendants.

42. In Wisconsin, access to patient health care records is governed by Wis. Stat. § 146.83.

    Wis. Stat. §146.83(3f)(a) provides in pertinent part:

    > Except as provided in sub. (1f) or s. 51.30 or 146.82 (2), if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b), the health care provider *shall* provide the person making the request copies of the requested records.

    Wis. Stat. §146.83(3f)(a) (Emphasis added.)

43. Wis. Stat. §§146.83(3f)(b)(1) - (6) dictates the maximum charges that may be charged and collected for medical records and provides:

    > Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):

10

    1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.
    2. For microfiche or microfilm copies, $1.50 per page.
    3. For a print of an X–ray, $10 per image.
    4. ***If the requester is not the patient or a person authorized by the patient***, for certification of copies, a single $8 charge.
    5. ***If the requester is not the patient or a person authorized by the patient***, a single retrieval fee of $20 for all copies requested.
    6. Actual shipping costs and any applicable taxes.

Wis. Stat. §146.83(3f)(b)(1) - (6) (emphasis added.)

44. The phrase "person authorized by the patient" is defined in Wis. Stat. § 146.81(5) to mean "any person authorized in writing by the patient." This language is unambiguous and clear and would obviously exempt anyone with a HIPAA compliant medical records release.

45. Mr. Fotusky filed this suit because he was wrongfully charged a basic, retrieval and/or a certification fee and/or other unauthorized fee by the Defendants in violation of Wis. Stat. §146.83(3f)(b)(4) - (5).

46. For medical records production related to EBIX invoice number LCE79726, EBIX and PROHEALTH charged the Plaintiff a basic, retrieval and/or a certification fee and/or other unauthorized fee although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, his attorneys.

47. For medical records production related to PROHEALTH invoice numbers 21786 and 23017, PROHEALTH charged the Plaintiff a basic, retrieval and/or a certification fee and/or other unauthorized fee although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, his attorneys.

48. That all invoices issued from EBIX and PROHEALTH to Plaintiff or his counsel were paid.

11

49. EBIX and/or PROHEALTH have charged other Wisconsin residents a basic, retrieval and/or a certification fee and/or other unauthorized fee although the request for the records or bills was made by the patients themselves or persons authorized in writing by them.

50. EBIX and/or PROHEALTH were not entitled to charge the Plaintiff or the Class Members, either directly or through their agent a basic, retrieval and/or a certification fee and/or other unauthorized fee.

51. EBIX and/or PROHEALTH have charged non-allowed fees and fees in excess of the amounts allowed by Wisconsin law.

52. EBIX and PROHEALTH have violated the provisions of Wis. Stat. §146.83.

53. Plaintiff and the Class Members who have been wrongfully charged a basic, retrieval and/or a certification fee and/or other unauthorized fee are entitled to recover the illegal fees charged by the Defendants.

54. EBIX and/or PROHEALTH knowingly and willfully violated Wis. Stat. §146.83 by charging the Plaintiff and the Class Members a basic, retrieval and/or a certification fee and/or other unauthorized fee.

55. The violation of Wis. Stat. §146.83, subjects EBIX and PROHEALTH to exemplary damages of between $1.00 and $25,000.00 per violation, plus costs and reasonable actual attorney fees pursuant to Wis. Stat. §146.84(1)(a).

56. Plaintiff and the Class Members have incurred actual damages due to the knowing and willful violation of Wis. Stat. §146.83 by EBIX and/or PROHEALTH.

57. Plaintiff and the Class Members are entitled to recover their damages, plus exemplary damages of between $1.00 and $25,000.00 per violation, plus costs and reasonable actual

attorney fees from Defendants for the knowing and willful violation of Wis. Stat. §146.83 by EBIX and/or PROHEALTH.

58. Alternatively, EBIX and/or PROHEALTH negligently violated Wis. Stat. §146.83 by charging retrieval fees, certification fee or other inappropriate fees.

59. A negligent violation of Wis. Stat. §146.83, subjects Defendants to exemplary damages of between $1.00 and $1,000.00 per violation, plus costs and reasonable actual attorney fees pursuant to Wis. Stat. §146.84(1)(b).

60. Plaintiff and the Class Members have incurred actual damages due to the negligent violation of Wis. Stat. §146.83 by EBIX and/or PROHEALTH.

61. Plaintiff and the Class Members are entitled to recover their damages, plus exemplary damages of between $1.00 and $1,000.00 per violation, plus costs and reasonable actual attorney fees from Defendants for the negligent violation of Wis. Stat. §146.83.

## UNJUST ENRICHMENT - DISGORGEMENT

62. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

63. EBIX and PROHEALTH knew the money charged to the Plaintiff and the Class Members were unlawful.

64. EBIX and/or PROHEALTH appreciated and received the benefit of the money they charged illegally.

65. EBIX and/or PROHEALTH's retention of said benefit is inequitable and unjust and Defendants should be required to return said money and disgorge all illegal charges, profits and interest earned on same.

13

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and the Class Members and against the Defendants as follows!:

1) Certify the Proposed Classes, appoint the Plaintiff as Class Representative and appoint his counsel as Class Counsel;

2) For compensatory damages in an amount to be determined at trial by a jury;

3) For exemplary damages up to $25,000.00 per violation, plus costs and reasonable actual **attorney's fees incurred by Plaintiff(s);**

4) For the return of all monies, profit, interest and pre-judgment interest on all sums illegally collected;

5) For such other and further relief as this court finds necessary and proper.

---

## PLAINTIFF REQUESTS A TRIAL BY JURY

---

Dated this 28th day of January, 2018.

WELCENBACH LAW OFFICES, S.C.
Attorney for Plaintiff

Electronically submitted by Robert J. Welcenbach
Robert J. Welcenbach
State Bar No. 1033091