UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNA SCHUTTE,
      Plaintiff,

v.                                                        Case No. 21-CV-204

CIOX HEALTH, LLC, et al.,
      Defendant.

## DECISION AND ORDER

Plaintiff Donna Schutte brings this putative class action against defendants ProHealth Care, Inc. ("ProHealth") and Ciox Health, LLC (Ciox) alleging that defendants charged her and others similarly situated a fee for electronic medical records in violation of Wis. Stat. § 146.83(3f). Plaintiff filed the case in Waukesha County Circuit Court and defendants removed under the Class Action Fairness Act ("CAFA"). Before me now are plaintiff's motion to remand and defendants' motion to dismiss.

### I. Background

**A. Wisconsin's Medical Records Statute**

Wis. Stat. § 146.83(3f) regulates the fees a health care provider may charge for conveying copies of medical records. As is relevant here, the statute provides:

> (a) Except as provided in sub. 1(f) or s. 52.30 or 146.82 (2), if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b), the health care provide shall provide the person making the request copies of the requested records.
>
> (b) Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):

1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 36 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.

2. For microfiche or microfilm copies, $1.50 per page.

3. For a print of an X-ray, $10 per image.

4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.

5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.

### B. Plaintiff's Request for Records

Plaintiff requested electronic copies of her medical records from ProHealth for use in a personal injury case. ProHealth forwarded the request to its release-of-information agent, Ciox. Ciox provided the documents in an electronic format and charged plaintiff for what it described as a "Per Page Copy (Paper)" and an "Electronic Data Archive Fee." Ciox did not provide plaintiff with paper copies. Plaintiff paid the charges.

### C. Class Allegations

Plaintiff seeks to represent a class with the following characteristics:

Any person or entity who:

1. Either:

    a. Requested his or her own patient health care records, or gave informed consent to another to obtain his or her own health case records, from a health care provider in the State of Wisconsin; or

    b. Had informed consent of the patient to request and obtain the patient's health care records from a health care provider in the State of Wisconsin; and

2. Was charged by CIOX Health, LLC, either directly or indirectly, "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees; and

3. Incurred and ultimately paid the "paper copies" fees for electronic copies, electronic archive data fees and other similar impermissible fees.

ECF no. 1-1 ¶15. Plaintiff alleges that the proposed class consists of "several thousand persons and entities, who likely possess multiple separate claims." *Id.* at ¶16. Plaintiff seeks compensatory damages as well as exemplary damages of not more than $25,000 per violation as authorized by Wis. Stat. § 146.84(1)(b).

## II. Analysis

### A. Motion to Remand

#### 1. $5 Million Jurisdictional Threshold

Plaintiff argues that I must remand the case because defendants fail to establish subject matter jurisdiction under CAFA. CAFA creates federal subject matter jurisdiction if three requirements are met: (1) the proposed class has 100 or more members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) more than $5 million exclusive of interests and costs is in controversy in the aggregate. 28 U.S.C. § 1332(d); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). Only the third requirement is at issue here. As the party seeking removal, defendants have the burden of establishing federal jurisdiction. *Id.* at 578. Where, as here, a plaintiff challenges defendants' amount in controversy allegation, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. §1446(c)(2)(B). Defendants must only establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence. *Roppo*, 869 F.3d at 578. Defendants may do so by calculation from the complaint's allegations,

3

by introducing evidence in the form of affidavits from employees or experts, or by any other method which establishes what the controversy amounts to. *Id.* at 579.

Defendants argue that the proposed class plausibly numbers 727,500. They base this number on an affidavit from a Ciox employee stating that in the six years prior to this case being brought, Wisconsin residents made 727,500 requests for electronic copies of medical records for which they were charged an electronic delivery or archive fee. Plaintiff argues that the affidavit is not competent evidence because it is not tailored to the "narrow factual allegations" of whether defendants charged paper copy rates for electronic copies. But the complaint does not limit the proposed class to individuals who were charged paper copy fees; rather, it defines the class as including anyone who was charged paper copy fees, archive fees, or *other impermissible fees* under Wis. Stat. § 146.83. As discussed below, the Wisconsin Court of Appeals recently held that § 146.83 prohibits charging any fees for electronic records. *Banuelos v. University of Wis. Hosps. and Clinic Auth.*, 2021 WI App. 70. The complaint therefore puts at issue all fees that defendants charged for electronic records. *See Spivey v. Vertrue*, 528 F.3d 982, 985–86 (7th Cir. 2008). Given defendants' estimate of a class of 727,500, each member would need to recover only $6.88 in compensatory damages to reach $5 million. Because Schutte alleges that she was charged $61.23, defendants argue that an average recovery of $6.88 in compensatory damages is plausible. In addition, the complaint seeks exemplary damages of up to $25,000 for each violation. Based on these numbers, defendants have established by a plausible good faith estimate supported by evidence that the amount in controversy exceeds $5 million.

## 2. Local Controversy Exception

Plaintiff argues that the "local controversy" exception to CAFA jurisdiction precludes federal jurisdiction. Plaintiff has the burden of persuasion on this issue. *Hart v. FedEx Ground Package Sys. Inc.*, 547 F.3d 675, 681 (7th Cir. 2006). Under the local controversy exception, I must remand the case if four requirements are met: (1) more than two-thirds of the members of the proposed class are citizens of the original filing state; (2) at least one defendant is one from whom members of the proposed class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of this case on behalf of the same or other persons. *Id.* at 679 (citing 28 U.S.C. § 1332(3)(4)(A)). The parties agree that the first three requirements are met, leaving only the question of whether any class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the present case. The Seventh Circuit has yet to definitively interpret what "the same or similar factual allegations" means in the context of CAFA, but it has advised that the "'local controversy exception is narrow and the legislative history of CAFA reveals a strong preference that interstate class actions should be heard in a federal court if properly removed." *Roppo*, 869 F.3d at 584 (internal quotations omitted).

Defendants argue that several class actions filed within the statutory period assert the same or similar factual allegations although only one is necessary to escape

5

the local controversy exception. In *Deming v. Ciox Health, LLC*, No. 9:20-cv-00016-DWM (D. Mont.), plaintiffs asserted that Ciox charged per-page fees and electronic data archive fees for electronic medical records.[1] *Deming* was filed within the three year period, but plaintiff disputes that it alleged "the same or similar factual allegations," because it relied on Montana rather than Wisconsin law and, therefore, was based on a different legal theory. I disagree. The text of CAFA makes clear that the relevant question is whether the previous class action "asserted the same or similar *factual allegations*," not whether it was based on the same statute or legal theory. 28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added); *see also Dutcher v. Matheson*, 840 F.3d 1183, 1191–92 (10th Cir. 2016). And the factual allegations that the *Deming* plaintiffs asserted are identical to those asserted by plaintiff in the present case. *See, Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-CV-242-JL, 2016 WL 6996136, at *4 (D.N.H. Nov. 30, 2016) (collecting cases).

Accordingly, I will deny plaintiff's motion to remand.

**B. Motion to Dismiss**

To avoid dismissal under Fed. R. Civ. P 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Although, as explained below, I will grant Ciox's motion to dismiss, for the purposes of CAFA jurisdiction Ciox is considered a defendant because it was a defendant at the time of removal. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011); *See also Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011).

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In construing a complaint, I assume that all factual allegations are true but disregard conclusory statements. *Iqbal*, 556 U.S. at 678.

1. **Ciox**

Ciox argues that I should dismiss it as a defendant because, as a health care provider's agent rather than a health care provider, it had no duties under Wis. Stat. § 146.83(3f)(b). Ciox is correct. The Wisconsin Supreme Court recently ruled that the fee caps in § 146.83(3f)(b) apply only to health care providers as defined in § 146.81(1). *Townsend v. ChartSwap, LLC*, 2021 WI 86, ¶ 37. Plaintiff does not argue that Ciox is a health care provider, and Ciox clearly does not meet the definition provided in the statute. *See* Wis. Stat. § 146.81(1). Plaintiff therefore has not stated a plausible claim that Ciox is directly liable under the statute.

Plaintiff also alleges that Ciox and ProHealth were engaged in a joint venture and therefore are jointly liable for overcharges. Under Wisconsin law, a plaintiff must allege four elements to establish of a joint venture: (1) the contribution of money or services by each of the parties; (2) joint proprietorship and mutual control over the subject matter of the venture; (3) an agreement to share profits; and (4) an express or implied contract establishing the relationship. *Forgues ex rel. Martine v. Heart of Texas Dodge*, 2003 WI App. 188, ¶ 41 (*citing Edlebeck v. Hooten*, 20 Wis.2d 83, 88 (Wis. 1963). In addition, "all parties to the venture must have the express or implied agreement to affect the legal relations of all parties to the venture." *Id.* (internal quotations omitted.) Plaintiff's complaint makes only conclusory allegations as to each element and thus does not

7

state a plausible claim.[2] Plaintiff also alleges that Ciox is liable because it breached its contract with ProHealth, and plaintiff is a third party beneficiary of the contract. However, this claim fails both because plaintiff presents no factual allegations suggesting that such a breach occurred and no factual allegations indicating that the primary purpose of the contract was to benefit plaintiff and members of the putative class. See *Sussex Tool & Supply, Inc.* v. *Mainline Sewer and Water, Inc.*, 231 Wis.2d 404, 409 (Wis. App. 1999).

### 2. ProHealth

Defendants also argue that Wis. Stat. § 146.83(3f) does not regulate fees charged for electronic health records, and that the complaint therefore does not state a claim against ProHealth. *Banuelos*, however, held that § 146.83(3f) provides an exhaustive list of fees that health care providers may charge for medical records and that it bars providers from imposing any fees for electronic records. 2021 WI App. 70, ¶ 18. The Seventh Circuit has instructed that I am to "consult and follow the decisions of intermediate appellate courts" unless they conflict with the Constitution or federal law or unless I can convincingly say that the state supreme court would disagree with them. *Smith v. RecordQuest, LLC,* 898 F.3d 513, 518–19 (7th Cir. 2021) (internal quotation omitted). In *Banuelos*, the Court of Appeals based its decision on the text of the statute,

---

[2] One Wisconsin case set forth a slightly a different set of four elements to determine whether joint venture liability exists: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *Spearing v. Bayfield County*, 133 Wis.2d 165, 173 (Wis. App. 1986). Under this standard as well, I must dismiss plaintiff's claims against Ciox. Plaintiff makes only conclusory allegations and does not plead a plausible claim.

8

and I cannot convincingly say that the state supreme court would disagree with it. I, therefore, will defer to it and need not consider defendants' arguments in favor of alternate interpretations of the statute.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to remand at ECF no. 20 is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss at ECF no. 11 and no. 16, is **GRANTED** as regards Ciox and **DENIED** as regards ProHealth.

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge
