UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONNA SCHUTTE,

      Plaintiff,

  v.

ABC INSURANCE CO., PROHEALTH
CARE, INC., and DEF INSURANCE CO.,

      Defendants.

Civil Action No. 21-CV-00204

---

## ANSWER AND AFFIRMATIVE DEFENSES

---

NOW COMES Defendant ProHealth Care, Inc. ("Defendant" or "ProHealth"), by and through its attorneys, Husch Blackwell LLP, and hereby answers Plaintiff's Complaint, as follows:

### THE PARTIES

1. The plaintiff Donna Schutte is an adult citizen and resident of the State of Wisconsin, residing at S28 W31048 Wild Berry Lane, Waukesha, WI 53188.

**ANSWER**: ProHealth is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 1 and, therefore, denies them.

2. The defendant CIOX Health LLC (hereafter "CIOX") is a foreign limited liability corporation with its principal place of business located at 1030 Ontario Road, Green Bay, WI 54311, and offices of its registered agent, Corporation Service Company, located at 8040 Excelsior Drive, Ste. 400, Madison, WI 53717. CIOX is an agent of health care providers throughout the State of Wisconsin for responding to and billing for requests for patient health care records, including ProHealth Care, Inc.

**ANSWER**: ProHealth admits that it and CIOX are parties to an agreement concerning medical records reproduction and health information services; the allegation that CIOX is

ProHealth's agent constitutes a legal and argumentative conclusion to which no response is required. To the extent a response is required, ProHealth denies that allegation. Answering further, ProHealth is without knowledge or information sufficient to form a belief as to the truth of the remaining matters set forth in Paragraph 2 and, therefore, denies them.

3. The defendant, ABC Insurance Co. (hereinafter "ABC"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability insurance; that on information and belief, at all times material hereto, ABC had in full force and effect a policy or policies of liability insurance issued to CIOX, insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, ABC reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, ABC is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC.

**ANSWER**: The allegations in Paragraph 3 concerning the supposed existence of a liability insurer, including asserted facts and alleged rights and responsibilities of said insurer, relate to a party other than ProHealth to which no response is required. Answering further, ProHealth is without knowledge or information sufficient to form a belief as to the truth of the remaining matters set forth in Paragraph 3 and, therefore, denies them.

4. The defendant ProHealth Care, Inc., is a domestic non-stock corporation with its principal place of business located at N17 24100 Riverwood Dr., Suite 130, Waukesha, WI 53188, and offices of its registered Agent, CT Corporation System, located at 301 S. Bedford St., Suite 1, Madison, WI 53703. With over 1,000 doctors and other health care professionals, ProHealth Care, Inc. offers health care services, including hospital care, primary care, rehabilitation, specialty care, and emergency care among other services.

**ANSWER**: ProHealth admits the allegations in Paragraph 4.

5. The defendant, DEF Insurance Co. (hereinafter "DEF"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability

insurance; that on information and belief, at all times material hereto, DEF had in full force and effect a policy or policies of liability insurance issued to ProHealth Care, Inc., insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, DEF reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, DEF is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC.

**ANSWER**: ProHealth is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 5 regarding the existence of any applicable insurance coverage, and, therefore, denies them. Investigation continues.

## GENERAL ALLEGATIONS

6. On May 19, 2016, the plaintiff Mrs. Donna Schutte was a passenger in a vehicle on West Sunset Drive in Waukesha, Wisconsin. As this vehicle was stopped at a red light at the intersection with West St. Paul Avenue, it was rear ended by another vehicle, thereby causing injury to Mrs. Schutte.

**ANSWER**: ProHealth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore, denies them.

7. The plaintiff Mrs. Donna Schutte retained the law firm of Cannon & Dunphy, S.C., to seek compensation for injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. The plaintiff authorized Cannon & Dunphy to obtain her patient health care records. Under Wis. Stat.§ 146.81(4), the term "patient health care record" is defined broadly as "mean[ing] *all records* related to the health of a patient prepared by or under the supervision of a health care provider...." (Emphasis added).

**ANSWER**: Paragraph 7 contains allegations of law related to a partially referenced and characterized statute to which no response is required; to the extent a response is deemed necessary, ProHealth denies same. ProHealth is without knowledge or information sufficient to

form a belief as to the truth of the remaining matters set forth in Paragraph 7, and therefore, denies them.

8. On September 2, 2020, Cannon & Dunphy sent a request by the plaintiff for her patient health care records to ProHealth Care, Inc., which also included informed consent and authorization for ProHealth Care, Inc., to release her patient health care records to Cannon & Dunphy. Attached as **Exhibit 1** is a copy of the request. The request asked for an electronic copy of the plaintiffs patient health care records under the federal HITECH law, and stated: "Pursuant to Health Information Technology for Economic and Clinical Health Act (HITECH Act), 42 U.S.C.A. §17935(e)(1), and its implement regulations, 45 CFR 164.524(c)(4)(i), I am requesting in an electronic format only a complete certified copy of my medical records from 12/7/2019 to the present." The request further stated "<u>**I am not requesting paper copies and will not pay for paper copies**</u>." (Emphasis in original). When an individual requests an electronic copy of patient health care records under HITECH, the healthcare provider is required to charge no more than its actual labor cost, supplies, and postage in producing the records. 42 U.S.C. §17935(e); 45 CFR § 164.524(c)(4)(i-iii). In the vast majority of cases, the total cost for requesting electronic medical records under HITECH should be no more than $6.50, pursuant to guidance published by the U.S. Department of Health and Human Services ("DHHS").

**ANSWER**: ProHealth admits that a copy of Exhibit 1 was sent to ProHealth. The allegations in Paragraph 8 concerning the HITECH Act constitute legal and argumentative conclusions to which no response is required. To the extent a response is required, ProHealth denies those allegations. The remaining allegations in Paragraph 8 excerpt the contents of Exhibit 1 to the Complaint; that document speaks for itself and ProHealth therefore denies the allegations as to same.

9. The request from the plaintiff Mrs. Donna Schutte asked that the electronic copy of her patient health care records be sent to Cannon & Dunphy by either email, fax, or on a CD. When an individual requests an electronic copy of patient health care records be provided to a person other than the patient, this is called a "third-party directive." In 2016, DHHS issued a guidance

document stating that requests including third-party directives are subject to the same published guidance by DHHS. From 2016 to January 23, 2020, health care providers like ProHealth Care, Inc. and their release of information agents like CIOX were complying with the DHHS guidance and charging the same cost-based fee of $6.50 when responding to requests that included a third-party directive.

**ANSWER**: ProHealth admits that at all times it has complied with relevant law and regulatory guidance. The allegations in Paragraph 9 concerning a "third-party directive" and the meaning of DHHS guidance constitute legal and argumentative conclusions to which no response is required. To the extent a response is required, ProHealth denies those allegations. Answering further, ProHealth is without knowledge or information sufficient to form a belief as to the truth of the remaining matters set forth in Paragraph 9 and, therefore, denies them.

10. On January 23, 2020, a Federal District Court on the D.C. Circuit issued a Memorandum Opinion in Azar v. CIOX, No. 18-cv-0040, indicating that the 2016 DHHS guidance document entitling patients to the cost-based fee of $6.50 involving a third-party directive was unenforceable.

**ANSWER**: Paragraph 10 contains allegations of law related to a partially referenced and characterized judicial opinion to which no response is required; to the extent a response is deemed necessary, ProHealth denies same.

11. Following the issuance of the Azar decision, on January 28, 2020, CIOX issued a "Important Notice Regarding Individuals Right of Access to Health Records." Attached as **Exhibit 2** is a copy of the Notice. This Notice summarized Ciox's position that the cost-based fee of $6.50 no longer applied to requests for electronic copies of patient health care records under HITECH that included a third-party directive. This Notice further stated Ciox's position that all requests under HITECH that included a third-party directive would be billed under applicable state laws. Ciox's Notice states: "**In situations where the patient directs the provider to send their record to a third party the fees permitted under state law apply to the request for records**." (Emphasis added).

**ANSWER**: The allegations in Paragraph 11 excerpt, characterize, and paraphrase the contents of Exhibit 2 to the Complaint; that document speaks for itself and ProHealth therefore denies the allegations as to same. ProHealth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore, denies them.

12. On September 23, 2020, ProHealth Care, Inc., through its release of information agent CIOX, responded to the plaintiffs request for an electronic copy of her patient health care records. CIOX agreed to produce an electronic copy of the plaintiffs patient health care records. However, CIOX included a copy of its January 28, 2020 Notice, indicating its intent to apply Wisconsin state law for this electronic copy. An invoice sent by CIOX showed "Per Page Copy (Paper)" charges for the first 25 pages at $1.17 per page, pages 26 to 50 at $0.88 per page, and the next 14 pages at $0.57 per page. Also included was an "Electronic Data Archive Fee" of $2.00. CIOX did not produce a paper copy of the plaintiffs patient health care records but instead produced an electronic copy through an online web portal. Because CIOX provided no paper copies of the records, no shipping costs were applied. Attached as **Exhibit 3** is a copy of CIOX's invoice.

**ANSWER**: ProHealth admits that CIOX, further to its contractual arrangement with ProHealth, was responsible for responding to and billing in connection with Plaintiff's request for her patient health care records. Further, paragraph 12 characterizes and paraphrases the contents of Exhibit 3 to the Complaint; that document speaks for itself and ProHealth therefore denies the allegations as to same. The remainder of Paragraph 12 contains allegations relating to a partially quoted and characterized Exhibit to the Complaint, and matters pertaining to CIOX's purported actions of which ProHealth lacks sufficient knowledge or information to form a belief as to the truth or accuracy; ProHealth therefore denies same.

13. Fees permitted under Wisconsin state law for the release of patient health care records are set forth in Wis. Stat.§ 146.83. Under subsection 3(£), a health care provider shall, subject to exceptions, provide copies of a patient's health care records "if a person requests copies of a patient's health care records, provides informed consent, *and pays the applicable fees under par. (b)*." Wis. Stat. § 146.83(3f)(a) (emphasis added). Subsection (3f)(b) defines the "applicable fees" as: "paper copies" fees under (b)l., microfiche fees under (b)2., x-ray fees under (b)3.,

certification fees under (b)4., retrieval fees under (b)5., and shipping and tax under (b)6. Further subsection (3f)(b) states that health care providers "may charge no more than the total" of these "applicable fees" when providing copies of patient health care records. There is no "applicable fee" for electronic copies or electronic data archive fees.

**ANSWER**: Paragraph 13 constitutes a legal and argumentative conclusion relating to a partially quoted and characterized statute, and ProHealth therefore denies same.

14. Cannon & Dunphy paid the "Per Page Copy (Paper)" and "Electronic Data Archive Fee" and passed these costs to the plaintiff Mrs. Donna Schutte by deducting the costs from the settlement proceeds resulting from her personal injury claim.

**ANSWER**: ProHealth is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 14 and, therefore, denies them.

## CLASS ALLEGATIONS

15. The plaintiff Mrs. Donna Schutte brings this action against the defendants CIOX and/or ProHealth Care, Inc., on her own behalf and on behalf of the members of a proposed Wisconsin class of individuals and entities that are similarly situated. The class that the plaintiff represents is composed of a class substantially along the following lines:

Any person or entity who:

1. Either:

   a. Requested his or her own patient health care records, or gave informed consent to another to obtain his or her own health care records, from a health care provider in the State of Wisconsin; or

   b. Had informed consent of the patient to request and obtain the patient's health care records from a health care provider in the State of Wisconsin; and

2. Was charged by CIOX Health, LLC, either directly or indirectly, "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees; and

3. Incurred and ultimately paid the "paper copies" fees for electronic copies, electronic archive data fees, and other similar impermissible fees.

**ANSWER**: Paragraph 15 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

16. The proposed class is so numerous that joinder of all members is impracticable, and as importantly the disposition of their claim as a class will benefit the parties and the Court. While the precise number of such persons and entities is unknown, the defendants are in possession of the information needed to identify these persons and entities. The plaintiff is informed and believes, and on that basis allege, that the proposed class numbers is comprised of several thousand persons and entities, who likely possess multiple separate claims.

**ANSWER**: Paragraph 16 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

17. The claims of the plaintiff are typical of those claims that could be alleged by any members of the proposed class, and the relief is typical of the relief that would be sought by each member of the class in separate actions. The alleged claims arise out of the same business practices of the defendants, including receiving, responding to, and charging for requests for patient health care records. The plaintiff and other members of the proposed class sustained similar losses, injuries, and damages arising from the unlawful business practices of the defendant, including the unlawful imposition fees under Wis. Stat. § 146.83(3f).

**ANSWER**: Paragraph 17 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

18. The plaintiff is able to fairly and adequately protect the interests of the proposed class and has no interests antagonistic to the proposed class. She has retained counsel that is experienced in class action litigation and litigation in this court. Neither the plaintiff nor her

counsel have any interests that might impede them from vigorously pursuing this action, or any conflict with the proposed class.

**ANSWER**: Paragraph 18 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

19. There are questions of fact and law common to the proposed class that predominate over individual questions. The claims of the plaintiff arise from the same events and from the same course of conduct by the defendants that gave rise to the claims of the proposed class.

**ANSWER**: Paragraph 19 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

20. Common questions of fact include whether a person requesting electronic copies of patient health care records was unlawful charged "paper copies" fees for electronic copies, electronic data archive fees, and other unlawful fees contrary to Wis. Stat. § 146.83(3f)(6).

**ANSWER**: Paragraph 20 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

21. Common questions of law include whether it is lawful to charge "paper copies" fees for electronic copies, electronic data archive fees, and other fees under Wis. Stat. § 146.83(3f) for electronic copies of patient health care records.

**ANSWER**: Paragraph 21 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

22. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy. The proposed class is so numerous that joinder of all proposed class members is impossible. Further, the value of an individual claim could be relatively small such that individual class members lack the financial incentive to vigorously prosecute individual

claims. Disposition of the claims in the aggregate as a class action will provide substantial benefits both to the parties and to the courts.

**ANSWER**: Paragraph 22 constitutes a legal and argumentative conclusion, and ProHealth therefore denies same. ProHealth further denies that this action can be maintained as a collective action.

### COUNT I -STATUTORY CLAIM UNDER WIS. STAT.§ 146.84 FOR VIOLATION OF WIS. STAT.§ 146.83

23. The plaintiff incorporates the above allegations to the extent not inconsistent with those made here.

**ANSWER**: ProHealth hereby incorporates all previous answers to the preceding paragraphs as if fully set forth herein.

24. The plaintiff provided informed consent to another to request her patient health care records and provided informed consent and authorization for a health care provider to release her patient health care records.

**ANSWER**: ProHealth admits the allegations in Paragraph 24.

25. In response to said requests, the defendants intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposed fees not allowed by Wis. Stat. § 146.83, including "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and other fees.

**ANSWER**: ProHealth denies the allegations in Paragraph 25.

26. As a result of the defendants' knowing and willful violation of Wis. Stat. § 146.83, the defendants are liable for compensatory damages, including actual damages for illegal fees plus interest, exemplary damages of not more than $25,000, and costs and reasonable actual attorney fees, pursuant to Wis. Stat.§ 146.84(1)(6), in addition to other actual damages, all in an amount to be determined in a trial of this matter.

**ANSWER**: ProHealth denies the allegations in Paragraph 26.

27. As a result of the defendants' negligent violation of Wis. Stat. § 146.83, the defendants are liable for actual damages for illegal fees plus interest, exemplary damages of not more than $1,000, and costs and reasonable actual attorney fees, pursuant to Wis. Stat. § 146.84(1)(bm), in addition to other actual damages, all in an amount to be determined in a trial of this matter.

**ANSWER**: ProHealth denies the allegations in Paragraph 27.

## COUNT II - VICARIOUS LIABILITY

28. The plaintiff incorporates the above allegations to the extent not inconsistent with those made here.

**ANSWER**: ProHealth hereby incorporates all previous answers to the preceding paragraphs as if fully set forth herein.

29. At all material times, the defendant CIOX was the authorized agent of the defendant, ProHealth Care, Inc.

**ANSWER**: ProHealth admits that it and CIOX are parties to an agreement concerning medical records reproduction and health information services; the allegation that CIOX is ProHealth's agent constitutes a legal and argumentative conclusion to which no response is required. To the extent a response is required, ProHealth denies the allegations in Paragraph 29.

30. The defendant CIOX, as alleged herein, tortiously, illegally, and inequitably overcharged the plaintiff, including for "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and/or other fees not allowed.

**ANSWER**: ProHealth is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 30 and, therefore, denies them.

31. The defendant, ProHealth Care, Inc., is vicariously liable for the acts of its authorized agent, CIOX, as alleged herein, all in an amount to be determined in a trial of this matter.

**ANSWER**: ProHealth denies the allegations in Paragraph 31.

## COUNT III - JOINT VENTURE

32. The plaintiff incorporates the above allegations to the extent not inconsistent with those made here.

**ANSWER**: ProHealth hereby incorporates all previous answers to the preceding paragraphs as if fully set forth herein.

33. At all material times, the defendant ProHealth Care, Inc., and the defendant CIOX entered into a financial or commercial agreement, either express or implied, to contribute money or services and did contribute money or services in a business venture, including for the release of patient health care records.

**ANSWER**: ProHealth admits that it and CIOX are parties to an agreement concerning medical records reproduction and health information services; the allegation that money or services were contributed to a "business venture," constitutes a legal and argumentative conclusion to which no response is required. To the extent a response is required, ProHealth denies the allegations in Paragraph 33.

34. Upon information and belief, the defendant ProHealth Care, Inc., and the defendant CIOX shared in the profits from said venture or otherwise received benefits from said venture.

**ANSWER**: ProHealth admits the allegations in Paragraph 34.

35. Upon information and belief, the defendant ProHealth Care, Inc., and the defendant CIOX had mutual control of the means employed to carry out their common purpose and/or control of the subject matter of the venture and/or delegated control to one member to achieving the common objective.

**ANSWER**: ProHealth admits that it and CIOX are parties to an agreement concerning medical records reproduction and health information services, and denies the remaining allegations in Paragraph 35.

36. By virtue of said joint venture, the defendant ProHealth Care, Inc., and the defendant CIOX are jointly liable to the plaintiff for all damages caused by overcharging the plaintiff, including "paper copies" fees for electronic copies of patient health care records,

electronic data archive fees, and/or other fees not allowed, all in an amount to be determined in a trial of this matter.

**ANSWER**: ProHealth denies the allegations in Paragraph 36.

**COUNT IV -THIRD PARTY BENEFICIARY BREACH OF CONTRACT**

37. The plaintiff incorporate the above allegations to the extent not inconsistent with those made here.

**ANSWER**: ProHealth hereby incorporates all previous answers to the preceding paragraphs as if fully set forth herein.

38. At all material times, the defendant ProHealth Care, Inc., and the defendant CIOX entered into an agreement, either express or implied, for the release of patient health care records for the benefit of the plaintiff. The defendant ProHealth Care, Inc., delegated its responsibilities for furnishing patient health care records, including of the plaintiff, to the defendant CIOX. Absent the agreement, ProHealth Care, Inc., would have had the obligation to fulfill the patient health care record requests of the patients of ProHealth Care, Inc., including the plaintiff. The plaintiff is a member of a class of individuals that the agreement was intended to benefit.

**ANSWER**: ProHealth admits that it and CIOX are parties to an agreement concerning medical records reproduction and health information services; the allegation that absent that agreement ProHealth would have had any obligation or duty constitutes a legal and argumentative conclusion to which no response is required. To the extent a response is required, ProHealth denies that allegation. ProHealth denies that any such agreement was for the benefit of Plaintiff and denies all remaining allegations in Paragraph 38.

39. On information and belief, the aforementioned agreement expressly or impliedly obligated the defendant CIOX to follow Wisconsin law when fulfilling requests for the release of patient health care records, including charging lawful fees.

**ANSWER**: ProHealth admits that the agreement with CIOX required the provision of medical records reproduction and health information services in compliance with all applicable legal requirements. Further answering, ProHealth avers that Plaintiff's claim and alleged damages or losses, if any, were not the result of any act or omission of ProHealth, or any act or omission authorized by ProHealth. ProHealth denies the remaining allegations in Paragraph 39, if any.

40. The defendant CIOX breached the aforementioned agreement by intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposing fees not allowed by Wis. Stat. § 146.83, including "paper copies" fees for electronic copies of patient health care records, electronic data archive fees, and/or other fees not allowed.

**ANSWER**: ProHealth lacks information or basis sufficient to admit the allegations in Paragraph 40 respecting the actions of CIOX. Further answering, ProHealth avers without admitting any alleged violation or wrongful conduct, that ProHealth had no knowledge of any alleged unlawful conduct, and did not authorize, ratify or permit any such alleged action. ProHealth denies the allegations in Paragraph 40

41. That defendant CIOX's breach of contract was a cause of damages sustained by the plaintiff, including overcharging the plaintiff for fees not allowed, all in an amount to be determined in a trial of this matter.

**ANSWER**: ProHealth denies the allegations in Paragraph 41.

## **AFFIRMATIVE DEFENSES**

ProHealth states below its affirmative and other defenses. By stating these affirmative and other defenses, ProHealth does not assume the burden of proof for any issue, fact, or element of a claim as to which applicable law places the burden on Plaintiff. In addition, ProHealth specifically and expressly reserves the right to amend these defenses or to add additional defenses, based on legal theories, facts, and circumstances that may be discovered and/or further legal analysis of Plaintiff's positions in this litigation.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claim fails because the alleged damages and losses, if any, of which Plaintiff complains were not the result of any act or omission of ProHealth.

3. The claims of Plaintiff and persons on whose behalf relief is sought fail because ProHealth had no knowledge of any violation of any law or regulation by CIOX, and did not authorize or permit any such alleged action.

4. Defendant ProHealth's alleged conduct does not constitute a willful violation of Wis. Stat. § 146.83.

5. Plaintiff is estopped from pursuing the claim set forth in the Complaint by reason of her own acts, omissions, and course of conduct.

6. Plaintiff and others whom she purports to represent have failed to mitigate or reasonably attempt to mitigate some or all of their alleged damages, if any, as required by law.

7. Plaintiff and the others whom she purports to represent have waived their right, if any, to pursue their claim by reason of their own acts, omissions, and course of conduct.

8. The claims of Plaintiff and others whom she purports to represent are barred to the extent that they have executed releases of such claims.

9. Plaintiff's proposed collective action allegations are vague and ambiguous, rendering a collective action impractical and unmanageable.

10. Plaintiff's proposed collective action allegations are directed toward a class defined in relation to a Defendant that has been dismissed from this case and is no longer a party, rendering the purported class impermissible.

11. Plaintiff is not similarly situated to other members of the proposed class. There exists no group of individuals similarly situated to Plaintiff. Plaintiff cannot satisfy the prerequisites for certification of a collective action and, therefore cannot represent the interest of others as to the purported claim.

12. Any violations are *de minimis* and not compensable.

13. Without assuming or admitting any alleged violation of wrongful conduct, ProHealth did not authorize or ratify any unlawful conduct.

14. Without assuming or admitting any alleged violation of wrongful conduct, ProHealth did not have knowledge of any unlawful conduct.

15. Plaintiff's allegations that seek to hold ProHealth derivatively liable for the actions of any other entity fail because Plaintiff has alleged facts insufficient to hold ProHealth liable for those actions.

16. The conduct alleged in the Complaint does not constitute a violation of Wis. Stat. § 146.83 because that section does not set limits for fees for electronic medical records.

17. The claims of Plaintiff and others whom she purports to represent are barred to the extent they are barred by the applicable statute of limitations or the doctrine of laches.

HB: 4860-6239-3862.5                                   15

Case 2:21-cv-00204-LA   Filed 12/17/21   Page 15 of 16   Document 40

**WHEREFORE,** ProHealth Care, Inc. hereby demands judgment dismissing Plaintiff's Complaint with prejudice, an award of reasonable attorneys' fees and actual costs, and for such other and further relief as the Court deems just and equitable.

Dated: December 17, 2021

                                        s/ *Patrick S. Coffey*
                                        Patrick S. Coffey
                                        Robert M. Romashko
                                        HUSCH BLACKWELL LLP
                                        511 N. Broadway, Suite 1100
                                        Milwaukee, WI 53202-5502
                                        Telephone: (414) 273-2100
                                        Fax: (414) 223-5000
                                        patrick.coffey@huschblackwell.com
                                        robert.romashko@huschblackwell.com

                                        *Counsel to Defendant ProHealth Care, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2021, I electronically filed Answer to Complaint with the Clerk of the Court using the ECF system.

The ECF system will send notification of such filing to:

Allan M. Foeckler
Cannon & Dunphy, S.C.
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750

                                        s/ *Patrick S. Coffey*