UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DONNA SCHUTTE,

    Plaintiff,

v.

CIOX HEALTH, LLC,
ABC INSURANCE CO.,
PROHEALTH CARE, INC.,
and DEF INSURANCE CO.,

    Defendants.

Case No.: 21-CV-204

**DEFENDANT CIOX HEALTH, LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION AND
ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**

## I.    INTRODUCTION

Dismissed defendant Ciox Health, LLC ("Ciox") submits this Memorandum of Law in opposition to Plaintiff's Motion for Certification and Entry of Final Judgment pursuant to Fed. R. Civ. P. 54(b) ("Motion"), in which Plaintiff seeks to have final judgment entered with respect to this Court's December 3, 2021 Decision and Order dismissing Ciox as a party to this action, while claims against ProHealth Care, Inc. ("ProHealth") remain ongoing. Plaintiff seeks to appeal the dismissal of certain claims against Ciox and contends that this Court should enter final judgment pursuant to Rule 54(b) to permit such an appeal to proceed now rather than in the usual course, once all claims in this action are finally determined. Unfortunately for Plaintiff, this Court "must

-1-
Case 2:21-cv-00204-LA   Filed 01/18/22   Page 1 of 12   Document 49

not grant [Plaintiff's] [Rule 54(b)] motion merely because [she] want[s] to appeal immediately." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990). Contrary to Plaintiff's position, controlling Seventh Circuit case law dictates that this Court should not enter final judgment against Ciox at this time. *First*, the dismissed claims Plaintiff seeks to appeal arise out of the exact same facts as the pending claims, which militates against certification. *Second*, Plaintiff has failed to show any "hardship" or "unfairness" should the appeal be taken in the normal course, which also militates against certification. Ciox therefore respectfully asks this Court to deny Plaintiff's Motion and decline to certify its Order dismissing Ciox as a final judgment pursuant to Rule 54(b).

## II. BACKGROUND

In this suit, Plaintiff brings claims against both ProHealth, a health care provider, and Ciox, its release-of-information agent, alleging defendants charged her and others similarly situated a fee for electronic medical records in violation of Wis. Stat. § 146.83(3f). Compl. ¶¶ 12–15, 23–27. In addition to these statutory claims, Plaintiff also claims that: *first*, ProHealth is vicariously liable for Ciox's acts, *id.* at ¶¶ 28–31; *second*, ProHealth and Ciox are jointly liable for the overcharging due to the existence of a joint venture between them ("Joint Venture Claim"), *id.* at ¶¶ 32–36; and *third*, Ciox breached its agreement with ProHealth by "intentionally, willfully, negligently, and/or otherwise unlawfully imposing fees not allowed by Wis. Stat. § 146.83," and "plaintiff is a member of a class of individuals that the agreement was intended to benefit" ("Third-Party Beneficiary Claim"). *Id.* at ¶¶ 38–39.

On March 15, 2021, Ciox and ProHealth moved to dismiss the Complaint. ECF Nos. 11, 16. In its December 3, 2021 Decision and Order, this Court granted Ciox's motion to dismiss and fully disposed of all claims against Ciox, while allowing claims against ProHealth to proceed. ECF No. 34, at 9. This Court dismissed Plaintiff's statutory claim against Ciox following the Wisconsin Supreme Court's holding in *Townsend v. ChartSwap, LLC*, 2021 WI 86, ¶ 37, 967 N.W.2d 21, that the "fee caps in § 146.83(3f)(b) apply only to health care providers as defined in § 146.81(1)," and given that "Ciox clearly does not meet the definition [of health care provider] provided in the statute." ECF No. 34, at 7. This Court also dismissed Plaintiff's Joint Venture Claim against Ciox, holding that the "complaint makes only conclusory allegations as to each element [to establish a joint venture] and thus does not state a plausible claim." *Id.* at 7–8. Finally, this Court dismissed Plaintiff's Third-Party Beneficiary Claim on the basis that "plaintiff presents no factual allegations suggesting that such a breach occurred and no factual allegations indicating that the primary purpose of the contract was to benefit plaintiff and members of the putative class." *Id.* at 8.

On December 28, 2021, Plaintiff filed the present Motion seeking certification and entry of final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to this Court's dismissal of Plaintiff's claims against Ciox, to permit Plaintiff to appeal certain elements of Ciox's dismissal. ECF No. 44. Plaintiff makes clear that she does not intend to appeal the dismissal of the statutory claims against Ciox, but only the dismissal of the Joint Venture Claim and the Third-Party Beneficiary Claim ("Dismissed Claims"). *See id.* at 3–4.

On December 27, 2021, the day before Plaintiff filed her Motion, ProHealth filed a Third-Party Complaint against Ciox, alleging *first*, that "[t]o the extent that any fee charged to Plaintiff, or any member of the purported class . . . is unlawful under Wis. Stat. § 146.83(3f)(b)," Ciox breached its contract with ProHealth "by improperly charging and retaining those fees." *Id.* at 4. *Second*, ProHealth alleges unjust enrichment against Ciox by "retaining payment for its illegal services," and *third*, it seeks indemnification and/or contribution under Wisconsin law, in the event that ProHealth is liable to Plaintiff. *Id.* at 5. Despite the Third-Party Complaint having been filed the day prior to Plaintiff's Motion, Plaintiff's request for entry of judgment and her arguments in support thereof do not consider the impact of the Third-Party Complaint.

### III.  ARGUMENT

When multiple parties are involved, this Court has discretion to certify and enter a "final judgment as to one or more, but fewer than all, claims or parties" if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Such a judgment is proper only if it resolves either all disputes with one party, or a separate claim between parties remaining in the suit in the district court, 'separate' meaning having minimal factual overlap." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1999). There is no dispute here that multiple parties are involved in these proceedings and that the Court has, at least for now, disposed of all claims against Ciox. *See* ECF No. 44, at 1–2. The key issue for consideration by this Court, however, is whether there is in fact "no just reason for delay" in certifying and entering a final judgment against Ciox. Fed. R. Civ. P. 54(b). Contrary to Plaintiff's arguments, there are

various "just reasons" as to why no final judgment should be entered against Ciox at this time. *First*, the Dismissed Claims arise out of the exact same facts as the pending claims, and *second*, Plaintiff has failed to show any "hardship" or "unfairness" should an appeal, if any, be taken in the normal course at the conclusion of the entire case.

    **A.    The Dismissed Claims Arise Out of the Same Facts as the Pending Claims.**

The norm in litigation is "one appeal per case." *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *Horn v. Transcon. Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the one appeal per case norm "prevents duplicative and time-consuming appeals").[1] "[A] separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn*, 898 F.2d at 592. Rule 54(b), therefore, allows an appeal without delay only where the claims to be appealed are "truly separate and distinct from those that remain in the district court, where, 'separate' means having minimal factual overlap." *Lottie v. West Am. Ins. Co., of Ohio Cas. Group of Ins. Cos.*, 408 F.3d 935, 939 (7th Cir. 2005) (quoting *Continental Cas. Co.*, 189 F.3d at 516). "Truly separate" claims must not "overlap[] the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the

---

[1] Notably, Plaintiff's proposed appeal of parts of Ciox's dismissal would not even be the first partial appeal Plaintiff has sought in this action. Plaintiff has *already* petitioned for interlocutory review of this Court's denial of her motion to remand. *See* ECF No. 35. Plaintiff's apparent intent to appeal every ruling immediately is the opposite of efficient and burdens the courts and the parties with additional litigation that may very well have turned out to be moot had the case been permitted to run its usual course in this Court before a single comprehensive appeal were taken.

-5-
Case 2:21-cv-00204-LA   Filed 01/18/22   Page 5 of 12   Document 49

court would have to go over the same ground that it had covered in the first appeal." *Id.* (quoting *Laws. Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)); *see also Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463–64 (7th Cir. 2008) ("The scope of Rule 54(b) must therefore be confined to 'situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals.'" (quoting *Indiana Harbor Belt R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988))). Final judgment on certain claims is permissible only where those claims are "separate not in the sense of arising under a different statute or legal doctrine . . . but in the sense of involving different facts." *Lottie*, 408 F.3d at 939 (quoting *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002)). "These requirements ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). Plaintiff does not purport to meet this standard.

The present case is similar to *Greenbank v. Great Am. Assurance Co.*, 2020 WL 10222426 (S.D. Ind. June 17, 2020), in which the court declined to direct entry of final judgment under Rule 54(b) in circumstances where "the factual record underlying the Decided Claims [was] in major respects identical to the facts pertaining to the remaining, unresolved issues. Indeed all the issues in this case arise from a single factual scenario." *Id*. at *3. The same is true here: both the Dismissed Claims and the pending claims "arise from a single factual scenario," *id.*, that is, Ciox's provision on behalf of ProHealth of

electronic copies of medical records, and charges that it levied for providing those copies. Compl. ¶¶ 7–14. The court in *Greenbank* underscored that it is *not* the test whether "the Court of Appeals *could* review [the relevant decision] without 'disrupting' the remaining issues pending." 2020 WL 10222426, at *3. Nor does it matter if the legal issues may be different. *See Edgenet, Inc. v. GS1 U.S., Inc.*, 2011 WL 1305219, at *3 (E.D. Wis. Apr. 1, 2011) (refusing to grant 54(b) certification where the adjudicated and unadjudicated claims could survive absent each other, as they were still "intertwined"); *Fitzpatrick v. City of Hobart,* 2007 WL 2128023, at *2 (N.D. Ind. July 18, 2007) ("While the claims against the City Defendants are technically distinct in a legal sense from those claims against the individual police officers, it is clear that there is significant overlap of the facts underlying these claims. If this Court were to direct entry of a final judgment and the case appealed, the Seventh Circuit would have to relearn the factual basis of Plaintiffs' claims should an appeal arise after the claims against the individual police officers are resolved. This is just the sort of situation that the Seventh Circuit has sought to avoid under Rule 54(b)"). But here even these legal issues may be identical. If it is possible, as Plaintiff argues, that the Joint Venture Claim and Third-Party Beneficiary Claim remain viable against ProHealth, ECF No. 44, at 5, then Plaintiff would be required to prove the *exact same elements* to establish the joint venture between Ciox and ProHealth, and would have to prove the *exact same elements* to establish her breach of contract claim against ProHealth as she would against Ciox. Accordingly, in the present case, piecemeal appeals would clearly constitute "time-consuming duplicative appeals" and a waste of the Seventh Circuit's resources, *Lottie*, 408 F.3d at 940, as it would be

highly inefficient to allow an appeal to proceed on the same issue of both law and fact before the court has had a chance to address that issue on the merits in the case before it. This Court should therefore decline to direct entry of final judgment at this time in order to "spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) (quoting *Indiana Harbor Belt R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988)).

> **B.** **Plaintiff Has Not Demonstrated "Hardship" nor "Harsh Effect" If Appeal Is Taken in the Normal Course.**

Certifications under Rule 54(b) "must be determined in the light of the traditional, deeply-rooted and wisely sanctioned principle against piecemeal appeals. Rule 54(b) is designed to make an accommodation between that policy and the problems of the timing of review which have arisen under the liberalized joinder of claims, counterclaims, crossclaims and third party claims in one suit permitted by modern procedural rules." *Columbia Broad. Sys., Inc. v. Amana Refrigeration, Inc.*, 271 F.2d 257, 258 (7th Cir. 1959). "Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case.' It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case.'" *Id.* at 258–59 (citation omitted); *see also Edgenet*, 2011 WL 1305219, at *2 (purpose of Rule 54(b) is to "permit piecemeal appeals in the infrequent harsh case." (citation omitted)). Therefore, to justify

-8-
Case 2:21-cv-00204-LA    Filed 01/18/22    Page 8 of 12    Document 49

discretionary departure from the normal rule as to the time of the appeal, the movant must demonstrate "hardship" or "unfairness" should the appeal be taken in the normal course. *Columbia Broad. Sys.*, 271 F.2d at 259; *see also Fitzpatrick*, 2007 WL 2128023, at *2; *Gass v. Nat'l Container Corp.*, 271 F.2d 231, 233 (7th Cir. 1959).

A typical scenario in which such a departure from the rule is justified is where, for example, there has been a finding of liability against one party in the suit but there are ongoing claims against other parties, rendering the plaintiff unable to recover on the initial judgment with potential for financially prejudicial delay, for example, by diminishing Plaintiff's ability to collect on her judgment. *See e.g. Bank of Lincolnwood v. Fed. Leasing, Inc.,* 622 F.2d 944, 949 (7th Cir. 1980). No such circumstance exists here: Ciox has been dismissed from the case, not found liable. And despite Ciox being dismissed, Plaintiff is still entitled to pursue her claims against ProHealth to recover all of her alleged losses.

Plaintiff's attempt to analogize the present case to *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 397 (S.D.N.Y. 2003), is similarly inapt. *See* ECF No. 44, at 8–9. In *Asia Pulp*, the court entered judgment pursuant to Rule 54(b) with respect to the dismissal of the Amended Complaint against one of the defendants. 293 F. Supp. 2d at 397. According to the court, that issue was "unrelated to the question of whether the legally sufficient claims against the remaining defendants will be proven at trial." *Id.* Further, the court held that "the judicial economy concerns underlying Rule 54(b) also support the conclusion that there is no just reason for delaying an appeal. If the Court is incorrect in its determination that the allegations in the Amended Complaint are

insufficient, a second trial and duplicative discovery may have to take place as to the erroneously dismissed defendant. Such costly and duplicative proceedings can be avoided by a Court of Appeals ruling on the sufficiency issue prior to the completion of discovery and the trial with respect to the remaining defendants." *Id.* But, here, for the reasons already explained, it cannot be said that the Dismissed Claims are "unrelated" to the pending claims in this action—they are *identical* and could only be proved based on an assessment of Ciox's conduct—and so, to the extent a second trial could hypothetically be required, it is not even clear what additional evidence would need to be developed. Much more duplicative and wasteful than such a potentially svelte second trial is proceeding with an appeal of Plaintiff's bootstrapped Joint Venture Claim and Third-Party Beneficiary Claim, which rise and fall with her statutory claim against ProHealth. It makes little sense to litigate the viability of the dismissed claims now, when it may turn out that there is no underlying liability to be apportioned between Ciox and ProHealth by way of these dismissed claims. *See Bank of Lincolnwood*, 622 F.2d at 949 (explaining that one of the key factors in the Rule 54(b) calculus is "the possibility that the need for review might . . . be mooted by future developments in the district court"); *see also Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592–93 (7th Cir. 1990) (noting possibility that remaining claims may moot appeal weighs against immediate appeal).

    This is even more obvious when ProHealth's Third-Party Complaint—filed the day before this Motion—is taken into account. The Third-Party Complaint purports to implead Ciox back into this action and makes claims that are not only based on the same factual scenario as the Dismissed Claims but would involve detailed consideration of the

*same contractual arrangement* between ProHealth and Ciox that forms the basis of the Dismissed Claims. ECF No. 41, at ¶¶ 20–27. Further, it cannot be said that "[i]f the Court of Appeals ultimately reverses this Court on its sufficiency ruling and reinstates Ciox as a party only *after* discovery and litigation against ProHealth has reached its conclusion, then 'costly and duplicative proceedings' will result." ECF No. 44, at 9. Here, ProHealth has already purported to implead Ciox on bases very similar to the Dismissed Claims, and Ciox's continued involvement in the suit will make it unlikely there would be a need for a second trial or duplicative discovery down the road. ECF No. 41, at ¶¶ 20–27. Plaintiff therefore has no "hardship" or "unfairness" to speak of by simply waiting to appeal all issues at the conclusion of this case, on a fully developed record that would include the very same information that would be needed to proceed against Ciox alone.

Ciox's pending impleader in this suit means that entering a judgment against Ciox at this time would be potentially duplicative, given that the court may be obliged to consider judgment against Ciox a second time with respect to ProHealth's claims, a duplication of effort which the Seventh Circuit counsels against. *See Bank of Lincolnwood,* 622 F.2d at 949 (one of the key factors in the Rule 54(b) calculus is "the possibility that the reviewing court might be obliged to consider the same issue a second time"). Further, an appeal at this juncture would likely delay and distract the parties from moving ahead in the main action, given that Ciox would be forced to defend an appeal while also responding to the Third-Party Complaint, which again points against certification. *See, e.g.*, *Greenbank*, 2020 WL 10222426, at *3 (denying Rule 54(b) certification where appeal would "likely delay and distract the parties from moving ahead

-11-
Case 2:21-cv-00204-LA   Filed 01/18/22   Page 11 of 12   Document 49

to resolve the remaining issues in this case"). An erroneously entered partial judgment could prolong litigation even further because the Seventh Circuit could dismiss the appeal for lack of appellate jurisdiction. *See, e.g.*, *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 380 (7th Cir. 2011). Thus, the most efficient—not to mention legally correct—course is for this Court to find there *is* "just reason for delay," and to decline to enter final judgment against Ciox at this time. Fed. R. Civ. P. 54(b).

## IV. CONCLUSION

For the reasons stated above, this Court should deny Plaintiff's Motion and decline to certify its Order dismissing Ciox as a final judgment pursuant to Rule 54(b).

Dated this 18th day of January, 2022.

/s/ Daniel A. Manna
GASS TUREK LLC
Daniel A. Manna, SBN 1071827
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
manna@gassturek.com

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
lefkowitz@kirkland.com

*Attorneys for Defendant Ciox Health, LLC*