UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNA SCHUTTE,

    Plaintiff,

    v.

CIOX HEALTH, LLC, et al.,

    Defendants.

Case No: 2:21-cv-00204

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR CERTIFICATION AND ENTRY OF FINAL JUDGMENT
PURSUANT TO FED. R. CIV. P. 54(B)**

## INTRODUCTION

The question here is simple: What procedure will best serve "the judicial economy concerns underlying Rule 54(b)"? See In re Asia Pulp & Paper Securities Litigation, 283 F. Supp. 2d 391 (S.D.N.Y. 2003).

The answer is also simple: Delaying an appeal of this Court's ruling on the sufficiency of plaintiff Donna Schutte ("Schutte")'s complaint against defendant Ciox Health, LLC ("Ciox") will be grossly inefficient, in addition to being unjust and unfair.

First, the *only* way to guarantee a *single trial* of the claims on one factual record is to allow the Court of Appeals to review the sufficiency of Schutte's complaint *now*. If the Seventh Circuit finds Schutte's complaint sufficient[1] *after* a trial of Schutte's remaining claims against ProHealth and ProHealth's claims against Ciox, then this Court will have to litigate

---

[1] U.S. Courts of Appeals review *de novo* dismissals for failure to state a claim. EOR Energy LLC v. Illinois Environmental Protection Agency, 913 F.3d 660, 663 (7th Cir. 2019).

the same and claims on the same facts all over again—now against a different defendant.

Second, this Court's order dismissing Ciox has left Schutte and the putative class without any remedy against Ciox absent a reversal on appeal. Cutting Schutte off from recovery against one of two defendants will impact collectability, especially considering the remaining defendant is a not-for-profit corporation. Waiting for proceedings in this Court to conclude, only to then take up another lengthy trial on remand against the arguably more culpable for-profit corporate defendant in this joint venture/contractual relationship, is the kind of unfairness and injustice that Rule 54(b) is meant to mitigate.

Therefore, this Court should grant Schutte's motion for certification and enter final judgment as to all of Schutte's claims against Ciox for purposes of appeal.

## SUPPLEMENTAL BACKGROUND

As Ciox notes in its response, ProHealth filed a third-party complaint against Ciox on December 27, 2021. (R.41) (cited in R.49:10). Ciox is therefore now a party again in the remaining proceedings before this Court, but only insofar as it may be liable to *ProHealth*, not Schutte. The adjudication of ProHealth's claims against Ciox will have no effect on Schutte; rather, her claims as to Ciox have been entirely disposed of by this Court. (R.34:9) Thus, Schutte had no need to "consider the impact of the Third-Party Complaint" in her original brief. (R.49:4) Schutte wants want ProHealth has: direct access to Ciox as a party defendant.

Nevertheless, if the Court is going to look at ProHealth's third-party complaint, the Court should notice that ProHealth admits the existence of the very contract Schutte alleged—the Release of Information Agreement ("Agreement") entered into by ProHealth

- 2 -

and Ciox—and attaches a copy of the Agreement as an exhibit. (R.41, ¶5; R.41-1) That agreement formed the basis for her claims against both Ciox and ProHealth. (R.1-1, ¶¶33, 38) Further discovery regarding profit-sharing based on the Agreement will determine whether all four elements of joint venture are satisfied. (See R.44:3)

ProHealth also alleges, and the Agreement makes clear, that Ciox had sole responsibility for processing "Billable Requests"—"defined as those requests by a third-party requestor"—"as provided by state and/or federal laws," and that Ciox breached that contract if it is determined that fees charged to Schutte violated Wisconsin law. (R.41, ¶¶23-25, R.41-1:1)

As of this writing, Ciox has not answered ProHealth's third-party complaint, but that answer is immaterial.

## ARGUMENT

Ciox overcomplicates a straightforward question and understates the costliness and injustice of delaying Schutte's appeal of Ciox's dismissal. The "same facts" argument raised by Ciox cuts both ways, and there is now in fact *no way* to avoid multiple appeals in this case. Furthermore, the demonstrable and inefficient delay in reviewing the sufficiency of Schutte's claims against the for-profit corporate defendant is both unfair and unjust. Therefore, this Court should exercise its discretion[2] and expressly determine that there is no just cause to delay the appeal of Schutte's claims against Ciox and clearly and unmistakably direct the entry of judgment as to those claims. See Bank of Lincolnwood v. Federal Leasing, Inc., 622

---

[2] "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

F.2d 944, 947 (7th Cir. 1980).

I. **THERE <u>WILL</u> BE TWO APPEALS IN THIS CASE, BUT THERE NEED ONLY BE <u>ONE</u> TRIAL.**

While ideally there is only "one appeal per case," <u>United States v. Ettrick Wood Prods., Inc.</u>, 916 F.2d 1211, 1218 (7th Cir. 1990) (quoted in R.49:5), that is now an impossible ideal for this case. The *only* way to avoid "multipl[ying] the costs of litigation for opposing parties" and for the courts by adjudicating all the various claims on the same set of facts is to allow the Court of Appeals to review the sufficiency of Schutte's claims against Ciox now. <u>See</u> <u>Horn v. Transcon. Lines, Inc.</u>, 898 F.2d 589, 592 (7th Cir. 1990).

Schutte will assert on appeal that she has plausibly alleged sufficient facts against Ciox, and she will appeal this Court's dismissal of those claims—either now or later. If the Court of Appeals reverses and remands Schutte's claims back to this Court, litigation of those claims will ensue. Regardless of the ultimate disposition of Schutte's claims, the non-prevailing party will almost surely appeal, considering the amount in controversy alleged.

Thus, there is no way to avoid multiple appeals in this case.[3]

On the other hand, if Schutte's appeal of Ciox's dismissal is taken up by the Court of Appeals *now*, there *may* be only *one* trial before this Court. If the Court of Appeals reverses this Court's decision on the sufficiency of Schutte's complaint and a trial proceeds with all parties involved, then this Court would be able to efficiently litigate all claims as to all parties on one fully developed factual record. A non-prevailing party may still appeal the outcome of that trial, which may result in an additional trial on remand if the Court of Appeals finds a reversible error. However, the appellate court's deference to the findings of fact makes reversal less likely than on a *de novo* review of the sufficiency of Schutte's original Complaint.

Thus, as in Asia Pulp, especially in light of the facts on the record as introduced by ProHealth in its third-party complaint, if this Court "is incorrect in its determination that the allegations … are insufficient, a second trial and duplicative discovery … can be avoided by a

---

[3] There is one exception: If the Court of Appeals reverses this Court's denial of Schutte's motion to remand this case back to state court, all proceedings in this Court will be mooted.

And contrary to Ciox's allegation that Schutte's remand appeal is evidence of her "apparent intent to appeal every ruling immediately," this Court should take note that an appeal under 28 U.S.C. § 1453(c)(1) (removal of class actions) must be initiated within 10 days of the entry of the order denying remand, and, if permission to appeal is granted, the Seventh Circuit has only 60 days to decide that appeal. Schutte acted quickly because the law required her to do so.

Furthermore, the Seventh Circuit is unique in imposing a 30-day rule for filing a Rule 54(b) motion. See King v. Newbold, 845 F.3d 866 (7th Cir. 2017) (affirming Schaefer v. First Nat'l Bank of Lincolnwood, 465 F.2d 234, 236 (7th Cir. 1972) (holding "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates")). Again, Schutte acted quickly in filing the instant motion because the law required her to do so.

Thus, any perceived urgency here has been created by federal and local rules of procedure, not Schutte's "intent." Had this "case been permitted to run its usual course in this Court before a single comprehensive appeal were taken," (R.49:5 n.1), then Schutte would have lost the opportunity to appeal the denial of remand as well as any chance to file a Rule 54(b) motion.

- 5 -

Case 2:21-cv-00204-LA   Filed 02/02/22   Page 5 of 11   Document 51

Court of Appeals ruling on the sufficiency issue prior to the completion of discovery and the trial with respect to the remaining defendants." Asia Pulp, 283 F. Supp. 2d at 397. See also Bell v. Publix Super Markets, Inc., 982 F.3d 468, 486 (7th Cir. 2020) (holding the district court's use of Rule 54(b) was "practical and sensible" when it entered final judgment to "enable review of [some of the] claims … without forcing the parties and the district court to work through all the other claims first").

II. **THERE IS NO JUST REASON TO DELAY APPELLATE REVIEW WHEN SCHUTTE HAS BEEN ENTIRELY CUT OFF FROM RECOVERING AGAINST CIOX.**

Once a determination is made that there has been a "final adjudication on a specific claim or with respect to a specific party," this Court then considers "whether there is no just reason for delay." Gibson v. American Cyanamid Co., No. 07-C-864, 2010 WL 3062145, at *1-2 (E.D. Wis. Aug. 2, 2010). In doing so, this Court considers whether the claims to be reviewed are "separate from the others remaining to be adjudicated" and whether "the nature of the claims already determined" are such that "no appellate court would have to decide the *same issues more than once even if there were subsequent appeals*." Curtiss-Wright, 446 U.S. at 8 (emphasis added). Among other factors, courts consider "whether there is a danger of hardship *or* injustice through delay that can be alleviated by immediate appeal." Gibson, 2010 WL 3062145, at *2 (emphasis added) (citing McAdams v. McCord, 533 F.3d 924, 928 (8th Cir. 2008)). This determination "requires the district court to balance the needs of the parties against the interests of efficient case management." Gen. Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1027 (6th Cir. 1994). Here, certifying this matter for appeal will serve both the interests of efficient case management and the justice and fairness for the

- 6 -
Case 2:21-cv-00204-LA   Filed 02/02/22   Page 6 of 11   Document 51

parties.

First, even though there will assuredly be at least two appeals, reviewing the sufficiency of Schutte's complaint now would not result in the court of appeals to decide that same issue more than once. Rather, as noted above, it will allow this Court to efficiently adjudicate all the underlying claims on the same facts in one proceeding. This is fair and just for both Schutte *and* Ciox, as it will consolidate and streamline the litigation of these claims and save Ciox time and money. In <u>Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.</u>, 518 F.3d 459 (7th Cir. 2008), the court of appeals noted that "[i]f an examination of the record reveals that the claims on appeal are too similar to the issues remaining in the district court, then we would have to conclude that there was no partial final judgment of the sort contemplated by [Rule 54(b)]." <u>Id.</u> at 463-64. Here, if this Court enters final judgment as to Schutte's now-dismissed claims against Ciox, the *only* issue on appeal will be the sufficiency of Schutte's complaint, not the merits of the underlying claims.

Second, Schutte has no surviving claims against Ciox pending in this Court. The only reason Ciox remains in this case is that ProHealth has impleaded them once more through a third-party complaint for contribution and indemnification if ProHealth is found liable on the underlying claims. That is a contribution action in which Schutte has absolutely no stake. Unless and until the Seventh Circuit reviews the sufficiency of Schutte's claims against Ciox, Schutte has no means to recover against Ciox. Delaying review will mean waiting for a trial against ProHealth—and its third-party claims against Ciox—to conclude. Meanwhile, Schutte and those similarly situated are left without any remedy against the entity most implicated in the allegedly unlawful charging for medical records.

Third, while this Court did not specifically dismiss any of Schutte's claims against ProHealth, it appears from the text of the Order that the only legal theory on which ProHealth may be liable is the statutory claim for violation of Wis. Stat. § 146.83(3f). (See R.34:8-9) Presumably, that is because this Court's determination that Schutte's claims of joint venture and third-party beneficiary breach of contract against Ciox are "conclusory" and insufficient apply to her claims against ProHealth as well. R.34:7-8) That makes a review of the contract and joint venture claims all the more relevant to the proceedings still pending before this Court—because absent a review of the sufficiency of those claims, the legal theories upon which Schutte may recover on the remaining claim(s?) even against ProHealth are quite narrow.

Ciox notes that, if—and it is a big "if"—Schutte's joint venture and third-party beneficiary breach of contract claims against ProHealth remain viable, then Schutte will have to prove the same elements against ProHealth in the surviving litigation as she would against Ciox. (R.49:7). Even if those claims persist, Ciox proves the point: Schutte will have to try the same claims against two different defendants in two different trials on the same factual record, separated by the first of at least two appeals. If the claims against ProHealth are also deemed "conclusory" and insufficient by this Court, then Schutte's delayed remedy *and* the judicial efficiencies are magnified even more. That is precisely the inefficiency and injustice Rule 54(b) is meant to mitigate.

Lottie is inapposite. There, a single plaintiff lodged three claims against *a single defendant* insurance company. Lottie v. W. Am. Ins. Co., of Ohio Cas. Group of Ins. Cos., 408 F.3d 935, 936 (7th Cir. 2005) (cited in R.49:5-6). The district court dismissed two claims

(bad faith and race discrimination) but retained jurisdiction over one (breach of contract). Id. The district court entered a 54(b) final judgment as to the first two claims, and the Seventh Circuit reversed. Id. The appellate court noted that the plaintiff—who opposed the insurer's motion for 54(b) certification—had rightly argued that all three claims were factually interdependent claims against the insurer. Id. at 939-40. In particular, "whether [the insurer's] determination of insurance coverage was *reasonable* goes to the issue of bad faith; whether its determination was *correct* goes to the issue of breach of contract. West American is trying to use Rule 54(b) to sew up the district court's ruling on reasonableness before the jury ever hears the evidence on the correctness of the decision." Id. at 940. That was an improper use of the Rule.

Here, one whole defendant has been entirely cut off from the original plaintiff. Insofar as Ciox remains in the case, it is no longer adverse to Schutte in the proceedings before this Court in any way. Thus, *as to Schutte*, there are no interdependent claims against Ciox on which a piecemeal appeal would be inappropriate. Ciox is judgment-proof as to Schutte, absent an appeal. This is a matter of the total dismissal of one party as to another, not the dismissal of some but not all claims between parties who remain adverse to one another in district court. Lottie does not apply. See also Columbia Broadcasting System, Inc. v. Amana Refrigeration, Inc., 271 F.2d 257 (7th Cir. 1959) (cited in R.49:8) (court granted motion to dismiss on only one of several causes of action between two parties and certified for appeal under Rule 54(b), and the Seventh Circuit reversed); Greenbank v. Great Am. Assurance Co., No. 3:18-cv-00239-SEB-MPB, 2020 WL 10222426 (S.D. Ind. June 17, 2020) (cited in R.49:6-7) (one plaintiff alleged eight causes of action against one insurance

company, and the court granted summary judgment on some but not all interdependent claims); Edgenet, Inc. v. GS1 U.S., Inc., No. 09-CV-65, 2011 WL 1305219 (E.D. Wis. Apr. 1, 2011) (cited in R.49:7) (one plaintiff alleged multiple claims against several defendants, and the court granted summary judgment on some but not all claims as to all defendants).

The bottom line is that Schutte has *no* remaining claims against Ciox and—likely—only limited legal theories on which to secure a judgment against ProHealth. Therefore, this Court has in fact resolved "all disputes with one party." Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 516 (7th Cir. 1999) (cited in R.49:4). Delaying review will cause Schutte to expend time and resources prosecuting narrow claims against ProHealth and largely observing as ProHealth and Ciox litigate claims between themselves that significantly overlap with Schutte's now dismissed claims, which arise from the same contractual relationship upon which Schutte's original claims were founded.

## CONCLUSION

For the reasons argued above and in her original brief, Schutte respectfully asks this Court to expressly state that there is no just reason for delay, and to clearly and unmistakably direct the entry of a final judgment dismissing Ciox for purposes of appeal.

Dated at Brookfield, Wisconsin this 2nd day of February, 2022.

                **CANNON & DUNPHY, S.C.**
                Attorneys for Plaintiff

                By:    *s/Jay McDivitt*
                         Jay McDivitt
                         State Bar No. 1107939
                         Brett A. Eckstein
                         State Bar No. 1036964
                         Allan M. Foeckler
                         State Bar No. 1031396

Edward E. Robinson
State Bar No. 01025122

**P.O. ADDRESS:**
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Telephone: (262) 796-3707
Facsimile: (262) 796-3717

- 11 -
Case 2:21-cv-00204-LA   Filed 02/02/22   Page 11 of 11   Document 51